USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3-29-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL L. FERGUSON, MYRL C. JEFFCOAT, and DEBORAH SMITH, on behalf of the DST SYSTEMS, INC. 401(K) PROFIT SHARING PLAN

Plaintiffs,

-against-

RUANE CUNIFF & GOLDFARB INC., et al.,

Defendants.

17-cv-06685 (ALC)

**OPINION AND ORDER**

## Introduction

Michael L. Ferguson, Myrl C. Jeffcoat and Deborah Smith collectively, ("Plaintiffs"), individually and on behalf of the DST Systems, Inc. 401(k) Profit Sharing Plan (the "Plan"), bring this action under 29 U.S.C. §1132 against Ruane Cuniff & Goldfarb Inc. ("RCG"); DST Systems, Inc.; The Plan's Advisory Committee; and the Compensation Committee of the Board of Directors of DST Systems, Inc.[1]; (collectively, "Defendants"), for breach of fiduciary duties and other violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. Before the Court is a motion to intervene filed by Stephanie Ostrander and her counsel as Putative Class Representative, or, in the alternative, on behalf of herself, invoking intervention of right, or, alternatively, permissive intervention under Federal Rule 24. For the reasons that follow, the motion is DENIED.

---

[1] Other Defendants include George L. Argyros;Tim Bahr; Jerome H. Bailey; Lynn Dorsey Bleil; Lowell L. Bryan; Ned Burke; John W. Clark;Michael G. Fitt; Gary D. Forsee; Steven Gebben; Gregg Wm. Givens; Charles E. Haldeman, Jr.;Kenneth Hager; Lawrence M. Higby; Stephen Hooley; Joan Horan; Robert T. Jackson; GerardM. Lavin; Brent L. Law; Samuel G. Liss; Thomas McDonnell; Jude E. Metcalfe; Travis E. Reed;M. Jeannine Strandjord; Beth Sweetman; Douglas Tapp and Randall Young.

1

## BACKGROUND

### I. The Existing Action

On September 1, 2017, Plaintiffs filed this action, *Ferguson et al v. Ruane Cuniff & Goldfarb Inc. et al*, on behalf of the Plan against Defendants for breach of fiduciary duties and other ERISA violations. ("*Ferguson*"). ECF No. 1. On November 20, 2017, Plaintiffs filed an Amended Complaint. ECF No. 7. On December 1, 2017, Plaintiffs filed a Rule 26(f) Discovery Plan Report. ECF No. 9. On December 29, 2017, the Court granted Defendants' letter motion requesting a pre-motion conference for their anticipated motion to dismiss, and RCG filed an Answer to the Amended Complaint. ECF Nos. 17, 24. On November 5, 2018, Plaintiffs filed a Second Amended Complaint ("SAC") and Defendants Moved to Dismiss all claims and allegations concerning the 401(k) portion of the Plan on December 14, 2018. ECF Nos. 82, 86. Before these recent filings, the existing parties attributed the lack of dispositive motions to their active settlement discussions and Department of Labor ("DOL") participation. ECF No. 59 at 5.

### II. *Ostrander v. DST Systems, Inc., et al*

On September 7, 2017, Ostrander filed a putative class action against DST Defendants[2] and RCG relating to the Plan in the U.S. District Court for the Western District of Missouri (the "Western District"). *See Ostrander v. DST Systems, Inc., et al.*, No. 4:17-cv-00747-BCW (W.D. Mo. ECF No. 1.) ("*Ostrander*").

On September 18, 2017, Ostrander moved to consolidate *Ostrander* with *DuCharme v. DST Systems, Inc.*, an action previously brought by Ostrander's counsel in the Western District and dismissed over two months earlier (the "Consolidation Motion"). *See DuCharme v. DST*

---

[2] The "DST Defendants" includes DST Systems, Inc., the Advisory Committee of the DST Systems, Inc. 401(k) Profit Sharing Plan, and the Compensation Committee of the Board of Directors of DST Systems, Inc.

*Systems, Inc.*, No. 17-cv-00022 (W.D. Mo.) ("*DuCharme*"). Ostrander admitted that the purpose of her Consolidation Motion was to "maintain the claims originally asserted [in *DuCharme*] on behalf of the Plan in Kansas City as the first filed case number, ahead of the *Ferguson* case filed in New York." *Ostrander*, ECF No. 4 at 5.

On October 17, 2017, RCG and the DST Defendants filed Motions to Dismiss or Stay *Ostrander* in favor of *Ferguson* pursuant to the first-filed rule (the "First-Filed Motions"). *Ostrander*, ECF Nos. 23, 26. On February 2, 2018, The Western District dismissed *Ostrander* pursuant to the first-filed rule. *Ostrander*, ECF No. 73. The court considered *Ostrander* and *Ferguson* parallel actions because they both alleged claims "on behalf of the Plan" and *Ferguson* "alleges claims against the same defendants, arising from the same conduct and circumstances." *Id.* at 2.

### III. Ostrander's Motion to Intervene

On July 23, 2018, Ostrander and her counsel moved to intervene in this action pursuant to Fed. R. Civ. P. 24, arguing they meet the requirements for intervention as a matter of right and permissive intervention. ECF No. 53. Ostrander argues intervention is not prejudicial "at this very early juncture" and allows her to pursue protections and procedural mechanisms ensuring all participants interests, including her individual interests, are adequately protected. *Id.* at 11. The existing parties argue the Court should not allow Ostrander to intervene because the motion is untimely, and Ostrander's interests are adequately protected. ECF Nos. 57-59.

## DISCUSSION

### I. Legal Standard: Intervention of Right and Permissive Intervention

Rule 24(a) enables a third-party to intervene in pending litigation as a matter of right if four criteria are met:

> Intervention as of right under Rule 24(a)(2) is granted when an applicant: (1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) has an interest not adequately represented by the other parties.

*Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014). "'Failure to satisfy *any one* of these requirements is a sufficient ground to deny the application.'" *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996) (quoting *Farmland Dairies v. Comm'r*, 847 F.2d 1038, 1043 (2d Cir. 1988)) (emphasis in original).

Under Rule 24(b)(1)(B), "[a]n applicant may be allowed to intervene permissively if 'upon timely application ... [its] claim or defense and the main action have a question of law or fact in common.'" *Rep. of Phil. v. Christie's*, No. 98 Civ. 3871 (RPP), 2000 WL 1056300, at *2 (S.D.N.Y. Aug. 1, 2000) (quoting *U.S. v. Pitney Bowes, Inc.*, 25 F.3d 73 (2d Cir. 1994)). In addition, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 23(b)(3). Other relevant factors include the nature and extent of the intervenors' interests, whether their interests are adequately represented by existing parties, and whether proposed intervenors will significantly contribute to the full development of the suit's underlying factual issues and to the just and equitable adjudication of the legal questions presented. *Postal Serv. v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978) (citation omitted). District courts have full discretion regarding permissive intervention. *Id.* at 191.

Timeliness is the threshold consideration for both mandatory and permissive intervention. *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016) (citing.

4

*Pitney Bowes,* 25 F.3d 66, 70). "Whether a motion to intervene is timely is determined within the sound discretion of the trial court from all the circumstances." *Pitney Bowes,* 25 F.3d at 70. Courts consider: (1) how long the proposed intervenor had notice of the interest before it made the motion; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness. *In re Bank of N.Y. Derivative Litig.,* 320 F.3d 291, 300 (2d Cir. 2003). One of the most important factors is the length of time the applicant knew or should have known of their interest. *Catanzano,* 103 F.3d 223, 232. Courts measure timeliness from the moment the proposed intervenor had actual or constructive notice of their unrepresented interest. *Pepsico,* 314 F.R.D. 130, 135.

## II. Analysis

### A. *Ostrander's Untimely Motion to Intervene*

Ostrander argues she only had notice of the threat to her individual interest in this case on May 11, 2018, and her July 23, 2018 Motion to Intervene is timely. ECF No.66 at 10. The facts do not support this claim.

Ostrander had constructive notice of her interests in *Ferguson* in September of 2017 when Plaintiffs filed the Complaint on behalf of the Plan against Defendants for breach of fiduciary duties and other ERISA violations. ECF No. 1. On September 7, 2017, Ostrander filed a putative class action against DST Defendants and RCG relating to the Plan in the Western District of Missouri, alleging facts and asserting claims virtually identical to those in *Ferguson.* Courts have found that initiating a lawsuit where the complaint addresses the proposed intervenor's interests may trigger constructive notice. *See Floyd v. City of N.Y.,* 302 F.R.D. 69, 89 (S.D.N.Y.2014), *aff'd in part, appeal dismissed in part,* 770 F.3d 1051 (2d Cir. 2014);

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 390 (2d Cir. 2006) (finding motion to intervene untimely based, in part, on the fact that the related litigation's "complaint and other filings ... are publicly available for anyone to access"); *Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1044 (2d Cir. 1988) (finding motion to intervene untimely because the proposed intervenors could have moved when they "were aware of this and related litigation"); *Citizens Against Casino Gambling in Erie Cty. v. Hogen*, 704 F.Supp.2d 269, 282 (W.D.N.Y. 2010) (finding the proposed intervenor had "notice" based on the prior filing of two related lawsuits), *aff'd*, 417 Fed.Appx. 49 (2d Cir. 2011).

Moreover, Ostrander had actual notice of her interests in *Ferguson* as early as September 18, 2017 and no later than October 16, 2017. On September 18, 2017, Ostrander moved to consolidate *Ostrander* with *DuCharme* with knowledge of *Ferguson*. Ostrander admitted to filing her Consolidation Motion to "maintain the claims originally asserted [in *DuCharme*] on behalf of the Plan in Kansas City as the first filed case number, ahead of the *Ferguson* case filed in New York." *Ostrander*, ECF No. 4 at 5. After the DST Defendants filed motions to dismiss, Ostrander's counsel claimed *Ostrander* should move forward because *Ferguson* is an "unsupervised case" in which Defendants would avoid "the burden of transparency under the watchful eye of the Courts." *Ostrander*, ECF No. 46 at 5, 15. Ostrander also claimed this Court would allow the existing parties to "make an unsupervised run at resolving the matter with a limited number of Plaintiffs for an amount far less than the Plan is entitled to recover." *Id.* at 8. Evidently, Ostrander knew of her asserted interests in *Ferguson* well before her July 23, 2018 Motion to Intervene.

Furthermore, Rule 24 does not require a proposed intervenor's "interest be 'crystallize[d]' or that an applicant wait until there is 'no doubt' that his or her interests will be impacted." *Securities and Exchange Commission v. Callahan*, 193 F. Supp. 3d 177, 203(E.D.N.Y. 2016) (citing *Floyd* 302 F.R.D. at 86). Instead, Rule 24 encourages applicants to move when aware their interests might not be protected. *Id.*

As indicated in her Consolidation Motion, Ostrander was aware in September 2017 that her interests were directly at issue in *Ferguson*. *DuCharme*, ECF. No. 4 at 5 n.1. Thus, Ostrander's Motion to Intervene nine months after having both constructive and actual notice of her interests in *Ferguson* is untimely. Courts have found shorter delays untimely. *See, e.g., MasterCard Int'l Inc.*, 471 F.3d 377, 390-91 (found three to five-month delay untimely); *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198 99 (2d Cir. 2000) (found eight-month delay untimely).

### B. *Prejudice to Existing Parties*

Ostrander argues the existing parties will suffer no prejudice if she is permitted to intervene because litigation is in its early stages. Further, she believes denying the Motion will not be prejudicial because Plaintiffs do not adequately represent her or other absent interested parties. The Parties argue the Motion is disrupting litigation and stalling efforts to dispose of the action and if permitted to intervene, Ostrander will continue to prejudice the Parties. The Court agrees.

The Second Circuit noted that jeopardizing a settlement agreement may prejudice the existing parties to a lawsuit.'" *In re NASDAQ Market–Makers Antitrust Litigation*, 187 F.R.D. 465, 490 (S.D.N.Y.1998) (quoting *Pitney Bowes*, 25 F.3d 66, 72 (2d Cir.1994)) (other citations omitted). Despite the recent dispositive motions seeking to dismiss certain claims in the SAC, the

Parties' are engaged in resolving the matter as seen through settlement discussions and numerous mediation sessions. Granting Ostrander's Motion to Intervene may complicate and delay litigation as well as any settlement by adding plaintiffs and counsel seeking to recover for the same allegations. Ostrander fails to demonstrate how intervention will not prejudice the existing parties' interests and prevent the "the potential for undermining the settlement process." *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 607 (W.D.N.Y. 2011) (quoting *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 706–07 (7th Cir.2001) *See also D'Amato v. Deutsche Bank,* 236 F.3d 78, 84 (2d Cir.2001) ("Because of this jeopardy to the settlement, the district court did not abuse its discretion when it concluded that the prejudice to the existing parties outweighs any prejudice to appellant and denied appellant's motion to intervene"). *See also In re Holocaust Victim Assets Litigation,* 225 F.3d 191, 198 ("We have affirmed a denial of a motion to intervene where granting intervention would have jeopardized a settlement") (citations omitted).

### C. *Ostrander's Adequately Represented Interests*

Generally, parties opposing intervention have the burden of showing adequate representation. *CBS Inc. v. Snyder*, 136 F.R.D. 364, 368 (S.D.N.Y. 1991). The intervenor need only show its interests may not be adequately represented. *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972) (citations omitted). This burden is minimal. *Id.*

As for intervention of right, when the intervenor shares both an "identity of interest" and an "ultimate objective" with an existing party, the intervenor must make a more rigorous showing of inadequacy. *Butler, Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 179 (2d Cir.2001). Furthermore, when an intervenor and existing party share an objective, the intervenor

must show, among other things, "collusion, adversity of interest, nonfeasance, or incompetence" to rebut the presumption of adequate representation. *Id.* at 179–80. Similarly, the court in its discretion may determine the adequacy of representation. *See Citizens Against Casino Gambling in Erie Cty. v. Hogen,* 704 F. Supp. 2d 269, 281 (W.D.N.Y. 2010), aff'd, 417 F. App'x 49 (2d Cir. 2011). Here, Ostrander fails to demonstrate Plaintiffs inadequately represent their interests and thus fails to rebut the presumption.

As fellow Plan participants, Plaintiffs and Ostrander share an "identity of interest" and the "same ultimate objective" to recover losses from the Plan caused by Defendants' alleged breach of fiduciary duties. Ostrander stated her account–and her individual interest in the assets of the Plan–were diminished due to the breaches alleged in *Ferguson.* ECF No. 54 at 6. The Plaintiffs claim to represent the whole Plan, including Ostrander and all other members of her proposed class, and there has been a comprehensive tolling agreement in place to protect all Plan participants' interests. ECF No. 68.

Ostrander also claims, "a protectable interest in ensuring that a procedural mechanism is in place to protect her individual interests as well as the interests of other absent participants whose interests she shares." ECF No. 53. However, the Court and the existing parties are required to "take procedural steps to ensure" absent plan participants are protected and adequately represented, whether Ostrander is permitted to intervene or not. *Coan v. Kaufman* 457 F.3d 250, 259-60 (2d Cir. 2006). Plaintiffs have demonstrated a good faith effort to satisfy this requirement by entering into a joint cooperation agreement with the DOL, which has taken an active role in this litigation and thus offers further proof that the Plan participants' interests are being adequately represented.

9

Therefore, Ostrander has not made a "rigorous showing of inadequacy" to overcome the presumption that Plaintiffs adequately represent Ostrander's interests, and has thus failed to prove her right to intervene under Rule 24(a).

### D. *The Court Does Not Permit Ostrander to Intervene Under Rule 24(B)*

Alternatively, Ostrander seeks permissive intervention under Rule 24(b). Permissive intervention is "wholly discretionary with the trial court," *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). "In deciding whether to permit intervention under Rule 24(b), courts generally consider the same factors that are relevant as of right under Rule 24(a)(2)." *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018) (internal quotation omitted). However, "[t]he principal guide in deciding whether to grant permissive intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Id.* (quoting *Pitney Bowes*, 25 F.3d at 73).

Ostrander has failed to provide the Court with any compelling reasons to permit intervention. As explained above, Ostrander's intervention may prejudice the existing parties and her interests are adequately represented. Furthermore, the motion's severe untimeliness prevents the Court from inferring intervention "would [not] unduly complicate and further delay the litigation." *See, e.g., Tymoshenko v. Firtash*, No. 11 CIV. 2794 RJS, 2011 WL 5059180, at *3 (S.D.N.Y. Oct. 19, 2011). Thus, the Court denies Ostrander's Motion to Intervene under Rule 24(b). *NAACP v. New York*, 413 U.S. 345, 365, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973) ("Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.' If it is untimely, intervention must be denied."). *See also J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 606 (denying motion to intervene as "disruptive to proceedings and to the interests of the settling

parties"); *MasterCard Int'l Inc.*, 471 F.3d at 391 (affirming district court's denial of permissive intervention because "the district court could properly find [the] motion to intervene untimely").

## CONCLUSION

For the reasons discussed above, Ostrander's motion to intervene is DENIED. The Court has considered all arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit.

**SO ORDERED.**

Dated: March 29, 2019

New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**