SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
Attorneys at Law

65 Main Street • Chester, CT 06412
Telephone: 860-526-1100 • Fax: 866-300-7367
www.sfmslaw.com



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/13/2020
```

LAURIE RUBINOW‡
lrubinow@sfmslaw.com

**VIA ECF**

July 10, 2020

The Honorable Barbara C. Moses
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20A
New York, NY 10007

**MEMO ENDORSED**

      Re:   *Ferguson, et al. v. Ruane Cunniff & Goldfarb Inc., et al.*
              Case No. 1:17-cv-06685-ALC-BCM

Dear Judge Moses:

      We write on behalf of Plaintiffs and RCG[1] pursuant to Your Honor's Individual Rules of Practice to respectfully request the Court's assistance in resolving one extant discovery dispute. The Parties certify that they engaged in a good faith meet and confer process in an attempt to resolve this issue without judicial intervention.[2] Plaintiffs and RCG attach as Exhibit A the relevant discovery request and response that are the subject of their dispute.

**I.    Statement of the Dispute**

      Plaintiffs' Requests for Production of Documents Directed to Defendant, Ruane, Cunniff & Goldfarb, Inc. – Set No. 3 ("Plaintiffs' Request") sought the production of certain materials related to a purported settlement agreement between RCG and claimants in a number of pending arbitrations in which claimants have asserted breach of fiduciary duty claims in connection with

---

[1]"Plaintiffs" refers to Michael L. Ferguson, Myrl C. Jeffcoat, and Deborah Smith; "RCG" refers to Defendant, Ruane, Cunniff & Goldfarb Inc. (together with Plaintiffs, the "Parties").

[2]Counsel for Plaintiffs and RCG met and conferred telephonically regarding this dispute as follows: (1) Alec Berin for Plaintiffs and Frank Olander for RCG met and conferred on June 26 for 10 minutes; and (2) Alec Berin for Plaintiffs and Frank Olander for RCG met and conferred on July 8 for 10 minutes. In addition to the aforementioned formal meet and confer sessions, counsel for the Parties communicated by email and telephone in an effort to resolve this dispute.

‡ Admitted to practice law in CT, NY and PA

The Honorable Barbara C. Moses
Page 2
July 10, 2020



the conduct alleged in the operative complaint in this action (the "Action").[3] Plaintiffs served Plaintiffs' Request upon RCG on June 29, at which time the Parties stipulated that RCG would respond to the discovery within 10 days of service and agreed that RCG would produce the requested documents at the time of its response or without unreasonable delay thereafter.[4] On July 9, RCG informed Plaintiffs that it would be withholding the requested materials.

## II.     Plaintiffs' Position

As the Court is aware, there are a significant number of pending arbitration proceedings in which the conduct at issue largely overlaps with Plaintiffs' claims in this Action. Indeed, most of the arbitration claimants are members of the putative class in this Action.[5] On or about June 19, Plaintiffs' counsel became aware that RCG had purportedly reached agreement with the arbitration claimants to resolve such claimants' pending claims against RCG. Plaintiffs submit that the purported arbitration settlement agreement and certain related materials (the "Settlement Agreement"), which RCG previously agreed to produce, are plainly discoverable, as the Settlement Agreement purports to resolve the claims of certain putative class members here against RCG, and RCG does not have a valid basis to withhold the same.

Between June 26 and 29, Plaintiffs and RCG reached agreement that RCG would produce the Settlement Agreement in response to Plaintiffs' Request.[6] Nonetheless, on July 8, just before RCG was due to respond to Plaintiffs' Request, RCG informed Plaintiffs that it no longer intended to produce the Settlement Agreement because counsel for the arbitration claimants ("Claimants' Counsel"), upon receiving notice of RCG's intent to produce the Settlement Agreement, communicated their objection, arguing that such production would void the purported settlement agreement. Despite its prior agreement to produce the Settlement Agreement, RCG is now withholding the Settlement Agreement on these grounds.[7]

---

[3] On July 6, 2020 RCG reported the settlement agreement to this Court in several related proceedings. *See, e.g.*, *Ruane, Cunniff & Goldfarb Inc. v. Payne, et al.*, No. 1:19-cv-11297 (ECF No. 66).

[4] The Parties' stipulation was memorialized by email correspondence on June 26 and 27.

[5] *See* Plaintiffs' Motion for Leave to Amend Their Operative Complaint and File Their Proposed Third Amended Complaint (ECF No. 124); Plaintiffs' Motion for Class Certification (ECF No. 126).

[6] Despite RCG's assertion to the contrary, Plaintiffs confirmed this agreement by email correspondence on June 29, 2020. Plaintiffs attach this correspondence as Exhibit B. RCG did not contest this understanding prior to informing Plaintiffs on July 8 of its sudden intent not to produce the Settlement Agreement.

[7] *See* Defendant Ruane, Cunniff & Goldfarb Inc.'s Responses and Objections to Plaintiffs' Third Request for Production of Documents (Response to Request No. 1).

The Honorable Barbara C. Moses
Page 3
July 10, 2020



  It is beyond cavil that the Settlement Agreement is relevant to the claims and defenses of the Parties in this Action, as it purports to resolve and release the claims of certain putative class members in this Action. Accordingly, Claimants' Counsel should not be permitted to shield the Settlement Agreement from production.[8] Further, any concern regarding the confidentiality of the Settlement Agreement may be addressed by the measures in place in this Action and available to this Court to safeguard the confidentiality of any materials produced in response to Plaintiffs' Request. Not least of which, all parties in this Action agreed to and are bound by the Stipulated Protective Order, entered by the Court on January 31, 2020 (ECF No. 119), which clearly protects against the improper use or disclosure of information which may appear in the Settlement Agreement.[9]

  Moreover, Plaintiffs understand that the DST Parties[10] have sought the production of the Settlement Agreement from RCG in the arbitration proceedings and Claimants' Counsel have objected to such production on the same grounds. The refusal of Claimants' Counsel to allow production of the Settlement Agreement to the DST Parties further illustrates the complete indefensibility of their position. The arbitration claimants have alleged co-fiduciary liability with respect to RCG and the DST Parties, seeking to hold each liable for alleged fiduciary breaches by the other. Yet, they have now purportedly resolved the claims as to one co-fiduciary (*i.e.* RCG) and seek to prevent the other co-fiduciary against which they have asserted claims (*i.e.* the DST Parties) from discovering the terms of the settlement and release of claims.

  Claimants' Counsel's attempt to obstruct the production of the Settlement Agreement

---

[8] It bears noting that the DST Parties (defined below) have moved in two related actions for the disqualification of Claimants' Counsel, who now seek to shield the Settlement Agreement from production. *See Canfield, et al. v. SS&C Technologies Holdings, Inc. et al.*, No. 1:18-cv-08913 (ECF No. 32); *Mendon et al. v. SS&C Technologies Holdings, Inc. et al.*, No. 1:18-cv-10252 (ECF No. 33).

[9] This Court recently ordered the production of materials from the arbitration proceedings (ECF No. 159). Just as with the materials sought by Plaintiffs in the discovery requests subject to that request for relief, a defendant in this Action agreed to produce responsive materials related to the arbitrations, before Claimants' Counsel interposed dubious objections to prevent such productions. While the specific grounds of Claimants' Counsel's objections differ slightly – there, assertions that the contemplated production would waive the confidentiality of the arbitration proceedings, and here, assertions that the contemplated production would void a settlement agreement – the same considerations govern the dispute.

[10] "DST Parties" refers to DST Systems, Inc. ("DST"); the Advisory Committee of the DST Systems, Inc. 401(k) Profit Sharing Plan (the "Advisory Committee"), and the Compensation Committee of the Board of Directors of DST Systems, Inc. (the "Compensation Committee").

The Honorable Barbara C. Moses
Page 4
July 10, 2020



should not be countenanced.  The Settlement Agreement is squarely within the scope of discovery contemplated by Fed. R. Civ. P. 26, and no legitimate confidentiality concerns counsel against production of the Settlement Agreement.  Indeed, Claimants' Counsel's refusal to permit production of this Settlement Agreement raises profound concerns about what it contains and how it purports to affect the rights of the parties, including the putative class members, in this action and whether such putative class members knowingly consented to this purported Settlement Agreement.  Accordingly, Plaintiffs respectfully request that RCG be compelled to produce the Settlement Agreement without further delay.

### III.     RCG's Position

Plaintiffs' repeated assertion that RCG agreed to produce the Settlement Agreement is not accurate, as is shown by a brief examination of the history of this dispute.  Plaintiffs first requested the Settlement Agreement more than a week before service of Plaintiffs' Request.  RCG responded that the Settlement Agreement contained a confidentiality provision that precluded production of the Settlement Agreement.  RCG informed Plaintiffs that it would seek Claimants' consent to produce the Settlement Agreement, provided that Plaintiffs served a new set of requests explicitly calling for production of the Settlement Agreement.

Upon service of Plaintiffs' Request, RCG sought Claimants' consent to produce the Settlement Agreement.  On July 8, 2020, Claimants' counsel stated to RCG that Claimants "strenuously objected" to production of the Settlement Agreement.  That same day, counsel for RCG informed Plaintiffs' counsel that RCG could not produce the Settlement Agreement because it would be in breach of the Settlement Agreement if it did so.

Plaintiffs also repeatedly refer to the Claimants as "putative class members."  But no class has been certified in this action, and the over 470 Claimants in the arbitration proceedings—most of which were commenced more than a year before Plaintiffs amended their Complaint to attempt to bring this as a class action and filed a motion for class certification— have voluntarily settled their claims against RCG.  Thus, it is hard to see how Claimants can be "putative class members."

Finally, RCG notes that the dispute referenced above between the DST Parties and the Claimants, wherein the DST Parties seek production of the Settlement Agreement, has been fully briefed and will be reviewed by a panel of arbitrators today.  The panel's decision, which is likely to come today because the arbitration hearings commence on Monday, may have some bearing on the Court's consideration of the issues raised herein.

We are available at the Court's convenience for a discovery conference, consistent with Local Civil Rule 37.2, or to otherwise address any questions Your Honor may have.

The Honorable Barbara C. Moses
Page 5
July 10, 2020



Respectfully submitted,


/s/ DRAFT

Laurie Rubinow
*Attorney for Plaintiffs*


/s/ DRAFT

Robert W. Ward
*Attorney for Ruane, Cunniff & Goldfarb Inc.*

cc: All counsel of record (by ECF)

---

Defendant RCG is hereby ORDERED to provide the Settlement Agreement (as that term is defined in the joint letter at Dkt. No. 163) to the Court, for *in camera* review, no later than **July 14, 2020**, along with a copy of the arbitrators' decision regarding the parallel dispute between the DST Parties and the Claimants, if such decision has been issued. The document(s) shall be emailed to Moses_NYSDChambers@nysd.uscourts.gov.

**SO ORDERED**.

_____
**Barbara Moses**
**United States Magistrate Judge**
**July 13, 2020**