PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS  NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

(212) 373-3215

WRITER'S DIRECT FACSIMILE

(212) 492-0215

WRITER'S DIRECT E-MAIL ADDRESS

lclayton@paulweiss.com

November 19, 2021

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Ferguson, et al.* v. *Ruane Cuniff & Goldfarb Inc., et al.*, No. 1:17-cv-06685

Dear Judge Carter:

Pursuant to the Court's November 18, 2021 Order (ECF No. 330), the DST Defendants submit this letter regarding the appropriate amount of security in connection with the preliminary injunction issued by the Court. Nowhere in the substantial briefing on the preliminary injunction motion did Arbitration Claimants request a bond, let alone purport to satisfy their burden of showing any entitlement to a bond. Nor can they offer any rational basis for one now. One principal purpose of the injunction is to ensure fairness by preventing Arbitration Claimants from interfering with this Court's jurisdiction and oversight of a class with more than 9,000 members, and Arbitration Claimants can demonstrate no harm from having to litigate in this Court rather than elsewhere. And in no event are Arbitration Claimants entitled to security for anything more than delay, and they already are secured against delay because, if the injunction is found to have been improperly granted (which it was not), they may seek pre- or post-judgment interest to compensate for such delay. The DST Defendants thus respectfully submit that no security is warranted for four basic reasons.

*First*, the Second Circuit has recognized that courts have the discretion under Rule 65 to dispense with a bond requirement, and that, in particular, courts may properly dispense with a bond where, as here, the injunction was issued to protect the Court's own jurisdiction. *See Dr.'s Assocs., Inc.* v. *Distajo*, 107 F.3d 126, 136 (2d Cir. 1997) (no bond necessary "where the injunctive order was issued 'to aid and preserve the court's jurisdiction over the subject matter involved'"); *Dr.'s Assocs., Inc.* v. *Stuart*, 85 F.3d 975, 985 (2d Cir. 1996) (same); *see also In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.*, 2014 WL 12621614, at *13 (D.S.C. Oct. 15, 2014) (finding that "no bond is necessary" for preliminary injunction "necessary and appropriate in aid of the Court's jurisdiction over this action"). The Court enjoined Arbitration

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Andrew L. Carter, Jr. 2

Claimants under the All Writs Act in order to enforce the Court's class certification order and to prevent Arbitration Claimants from thwarting the Court's ability to resolve the merits in this action, as well as under Rule 65. Because the injunction issued to protect the Court's judgments and jurisdiction from interference by the Arbitration Claimants, the public and judicial interests protected by such an injunction do not necessitate a bond. Nor can Arbitration Claimants show that they are somehow subject to unfairness or other harm from litigating in this Court.

*Second*, Arbitration Claimants have not established any basis for imposing a bond in any amount. Any losses Arbitration Claimants suffer from delay already are recoverable in the form of pre- or post-judgment interest. "[T]he burden is on the party seeking security to establish a rational basis for the amount of the proposed bond." *Int'l Equity Invs., Inc.* v. *Opportunity Equity Partners Ltd.*, 441 F. Supp. 2d 552, 566 (S.D.N.Y. 2006). Arbitration Claimants' suggestion at yesterday's hearing that the amount of any security should be based upon the amount of arbitration awards is wrong and contrary to the applicable standard. Any security should cover only "those damages, if any, that might be proximately caused by the wrongful issuance of an injunction." *Id.* (citation omitted); *see also* Fed. R. Civ. P. 65(c) (any bond secures "costs and damages sustained by any party found to have been wrongfully enjoined or restrained"). Here, the preliminary injunction does not purport to extinguish or decide the effect of previously issued arbitration awards; instead, it enjoins Arbitration Claimants from prosecuting parallel litigation involving the Class's claims. Thus, any bond, at most, could only secure Arbitration Claimants from damages caused by *delay* in recovering on arbitration awards. If it is later determined that the injunction was improvidently granted, the only harm that conceivably could be suffered by the Arbitration Claimants would be any value associated with the time lost during which Arbitration Claimants were enjoined from seeking to procure or collect on such awards. Arbitration Claimants have not satisfied—and cannot satisfy—their burden because any lost time value of money resulting from the injunction already is recoverable by Arbitration Claimants as pre- or post-judgment interest on the arbitration awards. *See Morgan Keegan & Co.* v. *Louise Silverman Tr.*, 2012 WL 113400, at *6 n.9 (D. Md. Jan. 12, 2012), *aff'd sub nom. Morgan Keegan & Co.* v. *Silverman*, 706 F.3d 562 (4th Cir. 2013).[1]

*Third*, DST has the clear ability to pay damages, if any, in the event it is later determined that the injunction was improvidently granted. DST is a wholly owned indirect subsidiary of SS&C Technologies Holdings, Inc. ("SS&C"), a publicly traded company under the ticker symbol SSNC. SS&C's publicly available financial information shows that, as of September 30, 2021,

---

[1] *See IGT* v. *High 5 Games, LLC*, 2018 WL 2939032, at *3 (S.D.N.Y. Apr. 17, 2018) (dispensing with bond requirement where the enjoined party "has not shown that it likely faces harm"); *see also, e.g.*, *Regeneron Pharm., Inc.* v. *U.S. Dep't of Health & Human Servs.*, 510 F. Supp. 3d 29, 51 n.6 (S.D.N.Y. 2020) ("No bond is needed because Defendants have not shown a likelihood of financial harm."); *DeWitt Stern Grp., Inc.* v. *Eisenberg*, 2013 WL 2420835, at *6 (S.D.N.Y. June 4, 2013) (similar); *Am. ORT, Inc.* v. *ORT Israel*, 2009 WL 233950, at *4–5 (S.D.N.Y. Jan. 22, 2009) (similar).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Andrew L. Carter, Jr.                                                                                              3

SS&C's total assets were $16.93 billion, including $3.78 billion in current assets.[2] The current annual rate for federal pre- and post-judgment interest is 0.18%. *See* 28 U.S.C. § 1961. There can be no reasonable dispute that DST's financial position is more than adequate to secure damages, if any, that, as discussed above, are limited to the costs associated with any delay. In these circumstances, Arbitration Claimants cannot show the harm necessary to warrant a bond. *Gov't Emps. Ins. Co.* v. *Moshe*, 2020 WL 3503176, at *4 (E.D.N.Y. June 29, 2020) (granting injunction against existing and future arbitrations and waiving bond requirement because enjoined party would "suffer no harm from [an] injunction" where movant had "the ability to pay").

*Finally*, it is clear that no security of any kind is necessary for $12,084,500.70 in arbitration awards that will be secured in full against non-payment. DST agreed to supply a bond in that amount to secure while on appeal to the Eighth Circuit arbitration awards that Arbitration Claimants improperly confirmed as judgments in the Western District of Missouri after this Court issued its class certification order. The Western District of Missouri ordered on November 16, 2021 the execution and filing of that bond by November 30, 2021, and DST will comply with that order. The fact that DST already will have procured a substantial bond necessitated by Arbitration Claimants' improper conduct counsels in favor of exercising the Court's discretion not to require security on the preliminary injunction.

*          *          *

We are available to address these issues further at the Court's convenience.

Respectfully submitted,

*/s/ Lewis R. Clayton*

Lewis R. Clayton

cc:    All Counsel of Record (by ECF Filing)

---

[2] Form 10-Q, SS&C Technologies Holdings, Inc., dated Nov. 5, 2021, *available at* https://www.sec.gov/ix?doc=/Archives/edgar/data/1402436/000095017021003236/ssnc-20210930.htm.