USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _November 24, 2021__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**MICHAEL L. FERGUSON ET AL.,**

**Plaintiffs,**

**-against-**

**RUANE CUNIFF & GOLDFARB INC.,**

**Defendants.**

---

**17-CV-6685 (ALC)**

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

The Court is in receipt of the submissions from the DST Defendants and the Arbitration Claimants regarding the amount of security in connection with the preliminary injunction the Court issued on November 18, 2021. *See* ECF Nos. 331 and 332.  For the reasons that follow, the Court declines to impose a bond.

Federal Rule of Civil Procedure 65 provides that security should be given in an amount "the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Where a party does not demonstrate a likelihood of financial harm, a district court need not impose a bond. *See Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997) ("Rule 65(c) gives the district court wide discretion to set the amount of a bond, and even to dispense with the bond requirement where there has been no proof of likelihood of harm . . . ." (internal quotations omitted)). The Arbitration Claimants carry the burden to establish a basis for the amount of the bond. *Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*, 441 F. Supp. 2d 552, 566 (S.D.N.Y. 2006) ("[T]he burden is on the party seeking security to establish a rational basis for the amount of the proposed bond."), *aff'd*, 246 F. App'x 73 (2d Cir. 2007). The Arbitration Claimants have not carried their burden here.

Both parties agree that if the injunction is deemed improper, the potential harm the Arbitration Claimants would suffer is delay in procuring their awards. *See* ECF No. 332 at 1 ("A bond must therefore be set at an amount equal to the harm caused by the delay resulting from the Court's preliminary injunction."); ECF No. 331 at 2 ("Thus, any bond, at most, could only secure Arbitration Claimants from damages caused by *delay* in recovering on arbitration awards.").

The Arbitration Claimants contend that the bond should account for the potential returns the Arbitration Claimants' awards would earn on the securities market during the pendency of the injunction. However, "[i]n fixing the amount of security required, a court is not required to order security in respect of claimed economic damages that are no more than speculative." *Int'l Equity Invs.,* 441 F. Supp. 2d at 566. An unfounded assumption that claimants will choose to invest the entirety of their awards is too speculative a basis for the imposition of a bond. Instead, the lost time value of the award due to delay is recoverable as pre-judgment or post-judgment interest on the awards.

The Arbitration Claimants also argue that the bond should account for an additional $22,500,000 with respect to those claimants who have yet to receive arbitration awards. The Arbitration Claimants reach this amount by extrapolating from the amounts of the awards already won and again speculating that claimants will invest their awards. This argument cannot be credited for the separate reason that "[t]he only damages recoverable from an injunction bond are those arising from the operation of the injunction itself and not from damages occasioned by the suit independently of the injunction." *Medafrica Line, S.P.A. v. Am. W. Afr. Freight Conf.*, 654 F. Supp. 155, 156 (S.D.N.Y. 1987); *see also AIM Int'l Trading, L.L.C. v. Valcucine S.p.A.*, No. 02-cv-1363, 2002 WL 1285557, at *8 (S.D.N.Y. June 11, 2002) ("[I]njunction bonds are not determined on the potential outcome of the merits at arbitration.").

Further, a bond is unwarranted because the injunction was entered under the All Writs Act, which provides that courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Second Circuit has affirmed that a bond is unnecessary where "the injunctive order was issued to aid and preserve the court's jurisdiction over the subject matter involved." *Distajo*, 107 F.3d at 136 (quoting *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996)). Thus, the nature of the injunction weighs against imposing a bond.

The Court also notes that DST is separately posting in the Western District of Missouri a bond in the substantial amount of $12,084,500.70 to secure arbitration awards won by the Arbitration Claimants while DST appeals the confirmation of those awards.

Accordingly, the Court declines to require the DST Defendants to post a bond.

**SO ORDERED.**

**Dated:  November 24, 2021**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**