UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: January 18, 2022

MICHAEL L. FERGUSON ET AL.,

                      **Plaintiffs,**

-against-

RUANE CUNIFF & GOLDFARB INC. ET AL.,

                      **Defendants.**

17-CV-6685 (ALC)

<u>ORDER</u>

**ANDREW L. CARTER, JR., United States District Judge:**

       The Arbitration Claimants' memorandum of law in support of their motion to stay contends that the preliminary injunction issued on November 18, 2021 is "deficient" because "[i]t does not state its terms specifically and it refers to the act or acts restrained by reference to the amended complaint." ECF No. 347 at 14. The Court acknowledges that the injunction referenced the complaint and accordingly seeks to clarify the scope of the injunction.[1]

       The injunction as issued at the November 18, 2021 preliminary injunction hearing states:

> "[A]ll members of the Federal Rule of Civil Procedure 23(b)(1) class certified by this Court on August 17, 2021, including the Arbitration Claimants, are ENJOINED from instituting new actions or litigating in arbitration or other proceedings against the DST Defendants matters arising out of or relating to the facts or transactions alleged in the Ferguson amended complaint. This injunction covers any pending and future arbitrations and actions."

ECF No. 335 at 10:25-11:2.

       In substitution for the language referencing the complaint, the Court proposes the following:

---

[1] Although a court may not modify an injunction pending on appeal, a court is permitted to explain or interpret the injunction. *See, e.g.*, *Chevron Corp. v. Donziger*, 990 F.3d 191, 210 (2d Cir. 2021) ("Surely the district court had the authority to explain its Injunction while it was on appeal . . . ."). The Court does not modify the injunction here.

> [A]ll members of the Federal Rule of Civil Procedure 23(b)(1) class certified by this Court on August 17, 2021, including the Arbitration Claimants, are ENJOINED from instituting new actions or litigating in arbitration or other proceedings against the DST Defendants matters arising out of or relating to the following allegations:

(i)   That the assets of the PSA ("Profit Sharing Account") were invested in a reckless and imprudent manner by Ruane Cuniff & Goldfarb Inc. ("Ruane"), to the severe detriment of the DST Systems, Inc. 401(k) Profit Sharing Plan ("Plan") (and thereby, its participants).

(ii)  That, with respect to the retirement savings of Plan participants, Ruane (under the oversight and with the consent of DST and the Advisory Committee Defendants) gambled with these Plan assets by failing to appropriately diversify the investment of the Plan's assets and pursuing risky, inappropriate investment strategies, while the Compensation Committee Defendants failed to fulfill their duties to supervise the Advisory Committee Defendants. In addition, the Plan participants were not provided with meaningful and timely guidance regarding the nature of the investments held in the PSA, or any specific or meaningful and timely information regarding the investment objectives or investment components of the PSA.

(iii) That Defendants have engaged in and continue to engage in severe breaches of fiduciary duty with respect to the investments in the PSA and non-PSA portions of the Plan, in violation of the Employee Retirement Income Security Act ("ERISA") § 404, 29 U.S.C. § 1104, by failing to (a) discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries for the exclusive purpose of providing benefits to participants and their beneficiaries, and defraying reasonable expenses of administering the Plan with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, (b) diversify the investments of the Plan so as to minimize the risk of large losses, and (c) monitor the performance of other fiduciaries to the Plan in a prudent and reasonable manner.

(iv)  That Defendants are liable for breaches of their fiduciary duties, violations of ERISA's prohibited transaction rules, and co-fiduciary breaches and liability for a knowing breach of trust.

No later than **Friday, January 21, 2022**, the parties shall submit to the Court by joint filing any proposed modifications to the above language. The Court is *not* inviting comments regarding the "instituting new actions or litigating in arbitration or other proceedings" language in the injunction, and the submission shall not address this language.

Further, the Court's August 17, 2021 Memorandum and Order granted Plaintiffs leave to file a third amended complaint, only to the extent of adding class allegations. ECF No. 311 at 14.

To date, Plaintiffs have yet to file the amended complaint. Therefore, the operative complaint is Plaintiffs' Second Amended Complaint, ECF No. 82. Plaintiffs shall file their amended complaint no later than **January 24, 2022**.

The hearing on the motion to stay is adjourned until **Wednesday, January 26, 2022 at 2:30 p.m.**

**SO ORDERED.**

**Dated:  January 18, 2022**
         **New York, New York**

                                            **ANDREW L. CARTER, JR.**
                                            **United States District Judge**