

Telephone: (866) 540-5505
Facsimile: (866) 300-7367
www.millershah.com

**VIA ECF AND ELECTRONIC MAIL**

January 21, 2022

The Honorable Andrew L. Carter, Jr.
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Ferguson, et al. v. Ruane Cunniff & Goldfarb Inc., et al.*
                Case No. 1:17-cv-06685-ALC-BCM

Dear Judge Carter:

      We represent Plaintiffs, Michael L. Ferguson, Myrl C. Jeffcoat, and Deborah Smith ("Plaintiffs"), in the above-captioned action. Pursuant to the Court's direction, we write on behalf of the parties, as well as the Arbitration Claimants, to provide the Court with the required joint submission regarding the Court's injunction and proposed language with respect to the same.

**I.**      **Plaintiffs' Position**

      It is Plaintiffs' position that the Court's original injunction is sufficiently specific and is consistent with similar injunction language approved by the Second Circuit Court of Appeals. In addition, Plaintiffs believe that the record in this case establishes that the injunction appropriately placed the Arbitration Claimants on notice as to the scope of the injunction and the nature of conduct prohibited by the injunction. Plaintiffs also believe that the additional language proposed by the Court is consistent with the original injunction and makes the scope of the injunction crystal clear. Although Plaintiffs do not independently propose any changes to the Court's suggested language, they also agree that the clarifications and suggested changes proposed by the DST Defendants would be appropriate and helpful under all of the circumstances.

**II.**      **DST Defendants' Position**

      For the reasons set forth in the DST Defendants' Opposition to Arbitration Claimants' Motion to Stay the November 18, 2021 Preliminary Injunction Pending Appeal, the DST Defendants believe that the Court's original injunction is sufficiently specific, is in accord with similar injunctive language affirmed by the Second Circuit, and plainly put

CALIFORNIA ■ CONNECTICUT ■ FLORIDA ■ NEW JERSEY ■ NEW YORK ■ PENNSYLVANIA ■ MILAN, ITALY

©Miller Shah LLP





Telephone: (866) 540-5505
Facsimile: (866) 300-7367
www.millershah.com

The Honorable Andrew L. Carter, Jr.
January 21, 2022
Page 2

Arbitration Claimants on notice as to the prohibited conduct. *See* ECF No. 352 at 18–19. The DST Defendants nevertheless believe that the additional language proposed by the Court appropriately makes clear the scope of the injunction.

Pursuant to the Court's order, the DST Defendants propose for the Court's consideration the additional revisions below, which include references for defined terms and further specify the nature and scope of the claims and relief sought in this action. The proposed revisions are based upon language in the operative complaint. For ease of the Court's review, the DST Defendants have included citations to the corresponding paragraphs in the operative complaint.

*         *         *

[A]ll members of the Federal Rule of Civil Procedure 23(b)(1) class certified by this Court on August 17, 2021, including the Arbitration Claimants, are ENJOINED from instituting new actions or litigating in arbitration or other proceedings against the DST Defendants matters arising out of or relating to the following allegations:

(i)  That the assets of the PSA ("Profit Sharing Account") were invested in a reckless and imprudent manner by Ruane Cuniff & Goldfarb Inc. ("Ruane"), to the severe detriment of the DST Systems, Inc. 401(k) Profit Sharing Plan ("Plan") (and thereby, its participants).

(ii) That, with respect to the retirement savings of Plan participants, Ruane (under the oversight and with the consent of DST Systems, Inc. ("DST")[1]) and the Advisory Committee of the DST Systems, Inc. 401(k) Profit Sharing Plan (the "Advisory Committee Defendants"[2])) gambled with these Plan assets by failing to appropriately diversify the investment of the Plan's assets and pursuing risky, inappropriate investment strategies, while the Compensation Committee of the Board of Directors of DST Systems, Inc. (the "Compensation Committee Defendants"[3] and, together with DST and the Advisory Committee Defendants, the

---

[1]     ECF No. 82 ¶ 12.
[2]     ECF No. 82 ¶ 15.
[3]     ECF No. 82 ¶ 16.





Telephone: (866) 540-5505
Facsimile: (866) 300-7367
www.millershah.com

The Honorable Andrew L. Carter, Jr.
January 21, 2022
Page 3

       "DST Defendants"[4]) failed to fulfill their duties to supervise the Advisory Committee Defendants. In addition, the Plan participants were not provided with meaningful and timely guidance regarding the nature of the investments held in the PSA, or any specific or meaningful and timely information regarding the investment objectives or investment components of the PSA.

(iii)    That Ruane and the DST Defendants ("Defendants"[5]) have engaged in and continue to engage in severe breaches of fiduciary duty with respect to the investments in the PSA and non-PSA portions of the Plan, in violation of the Employee Retirement Income Security Act ("ERISA") § 404, 29 U.S.C. § 1104, by failing to (a) discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries for the exclusive purpose of providing benefits to participants and their beneficiaries, and defraying reasonable expenses of administering the Plan; (b) discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (c) diversify the investments of the Plan so as to minimize the risk of large losses; and/or (d) monitor the performance of other fiduciaries to the Plan in a prudent and reasonable manner.[6]

(iv)    That Defendants are liable for breaches of their fiduciary duties, violations of ERISA's prohibited transaction rules, and co-fiduciary breaches and liability for a knowing breach of trust.

(v)    That Defendants are liable to restore the losses that have been suffered as a direct result of Defendants' breaches of fiduciary duty, violations of ERISA's prohibited transaction rules, and/or co-fiduciary breaches, and are liable for all recoverable damages and any other available equitable or remedial relief, including prospective injunctive and declaratory relief, and attorneys' fees, costs and other recoverable expenses of litigation.[7]

---

[4]    ECF No. 82 ¶ 17.
[5]    ECF No. 82 ¶ 1.
[6]    *See* ECF No. 82 ¶¶ 98, 107.
[7]    *See* ECF No. 82 ¶¶ 108, 109, 111.





Telephone: (866) 540-5505
Facsimile: (866) 300-7367
www.millershah.com

The Honorable Andrew L. Carter, Jr.
January 21, 2022
Page 4

### III.     RCG's Position

Defendant, Ruane Cunniff & Goldfarb, Inc. ("RCG"), takes no position with respect to the Court's injunction or the suggested language proposed by the Court.

### IV.     The Arbitration Claimants' Position

The Arbitration Claimants object to any substitution. Our reading of the law does not permit us to submit any suggestions to the Court. We thank you for your consideration.


Respectfully submitted,

/s/ *Laurie Rubinow*
Laurie Rubinow

*Attorney for Plaintiffs and the Proposed Class*

cc: All counsel of record (by ECF)

