UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                                            :
   MICHAEL L. FERGUSON ET AL.,                              :
                                                            :
                                      Plaintiffs,           :
                                                            :
                  -against-                                 :
                                                            :
   RUANE CUNIFF & GOLDFARB INC.,                            :
                                                            :
                                      Defendants.           :
------------------------------------------------------------x :
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2/3/22

17-CV-6685 (ALC)
<u>ORDER DENYING MOTION TO STAY</u>

On December 16, 2021, the Arbitration Claimants appealed this Court's November 18, 2021 injunction to the Second Circuit. ECF No. 339. On December 31, 2021, the Arbitration Claimants filed a motion to stay the preliminary injunction pending appeal. ECF No. 347. On January 3, 2022, the Court ordered the DST Defendants to show cause why the Court should not issue a stay and the Court preliminarily denied the request to stay. ECF No. 349. The Court has reviewed the parties' submissions concerning the motion to stay. The Court has also reviewed the briefing on the issue of those arbitration awards already entered against DST, as well as the joint letter regarding clarification of the injunction. For the reasons that follow, the motion to stay the preliminary injunction is DENIED.

When deciding a motion to stay an injunction pending appeal, a court considers the following four factors: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994) (quoting *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1993)); *see also Nken v. Holder*, 556 U.S. 418, 434 (2009).

*First*, the Arbitration Claimants have not shown they will be subject to irreparable harm absent a stay. Delay in recovery of losses is the potential harm the Arbitration Claimants would suffer. This is not a harm that "cannot be remedied without a stay." *Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH*, No. 14 CIV 585 (AJN), 2015 WL 5051769, at *2 (S.D.N.Y. Aug. 26, 2015), *aff'd*, 836 F.3d 153 (2d Cir. 2016), and *aff'd*, 843 F.3d 48 (2d Cir. 2016) (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007)). Nor is it a harm that is "not readily remediable monetarily." *Purdue Pharma L.P. v. Endo Pharms. Inc.*, No. 00 CIV 8029 (SHS), 2004 WL 306591, at *2 (S.D.N.Y. Feb. 17, 2004) (quoting *Monsanto Co. v. Homan McFarling*, 302 F.3d 1291, 1296–97 (Fed. Cir. 2002)). Rather, here, money damages *can* "provide adequate compensation" because—as the Court held in declining to impose a bond—harm from the delay in recovery may be remedied by pre-judgment or post-judgment interest on the arbitration awards. *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002).

*Second*, the DST Defendants and the plaintiff class will suffer substantial injury if a stay is issued. The Court stated in the August 2021 class certification order and reiterated in the November 2021 preliminary injunction order that "[a]llowing multiple actions . . . would potentially prejudice individual class members and would threaten to create incompatible standards of conduct for the Defendants." ECF No. 311 at 13. At the November 2021 preliminary injunction hearing, the Court held that DST would be irreparably harmed by being forced to expend resources defending non-arbitrable claims in arbitrations and other actions.

If the Court stayed the injunction, the risk of these harms would still be present. As the Second Circuit has held, "the grant of a stay of a preliminary injunction pending appeal will almost always be logically inconsistent with a prior finding of irreparable harm that is imminent as required to sustain the same preliminary injunction" and a finding of no serious harm or substantial

2

injury would be "a fatal flaw." *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 235 (2d Cir. 1999).

*Third*, the Arbitration Claimants have not demonstrated a substantial possibility of success on appeal. The standard of review for a grant of a preliminary injunction is abuse of discretion, and the Arbitration Claimants have not shown that the Court has "rest[ed] its decision on a clearly erroneous finding of fact or ma[d]e[] an error of law." *Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010) (quoting *Almontaser v. N.Y.C. Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008)).

In the aftermath of the class certification order, the Arbitration Claimants continued to arbitrate individual claims and file new actions to confirm arbitration awards. In the preliminary injunction order, the Court held that the Arbitration Claimants' conduct in pursuing claims in arbitration and other litigation was in frustration of the class certification order. The Court also held that the injunction is necessary to protect this Court's jurisdiction. This all remains true.

The Arbitration Claimants have argued that the injunction is deficiently unspecific. The Court finds that the injunction is sufficiently specific, however, in accordance with Federal Rule of Civil Procedure 65(d), which states that an injunction shall "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required," the Court provides further clarification to the injunction's reference to the Complaint. The Court notes that this is *not* a modification to the injunction, rather this is an explanation of the injunction. *See, e.g.*, *Chevron Corp. v. Donziger*, 990 F.3d 191, 210 (2d Cir. 2021) ("Surely the district court had the authority to explain its Injunction while it was on appeal . . . ."). Thus, the Court clarifies the injunction as follows:

> All members of the Federal Rule of Civil Procedure 23(b)(1) class certified by this Court on August 17, 2021, including the Arbitration Claimants, are ENJOINED

3

from instituting new actions or litigating in arbitration or other proceedings against the DST Defendants matters arising out of or relating to the following allegations:

(i) That the assets of the PSA ("Profit Sharing Account") were invested in a reckless and imprudent manner by Ruane Cuniff & Goldfarb Inc. ("Ruane"), to the severe detriment of the DST Systems, Inc. 401(k) Profit Sharing Plan ("Plan") (and thereby, its participants).

(ii) That, with respect to the retirement savings of Plan participants, Ruane (under the oversight and with the consent of DST Systems, Inc. ("DST") and the Advisory Committee of the DST Systems, Inc. 401(k) Profit Sharing Plan (the "Advisory Committee Defendants")) gambled with these Plan assets by failing to appropriately diversify the investment of the Plan's assets and pursuing risky, inappropriate investment strategies, while the Compensation Committee of the Board of Directors of DST Systems, Inc. (the "Compensation Committee Defendants" and, together with DST and the Advisory Committee Defendants, the "DST Defendants" ) failed to fulfill their duties to supervise the Advisory Committee Defendants. In addition, the Plan participants were not provided with meaningful and timely guidance regarding the nature of the investments held in the PSA, or any specific or meaningful and timely information regarding the investment objectives or investment components of the PSA.

(iii) That Ruane and the DST Defendants ("Defendants") have engaged in and continue to engage in severe breaches of fiduciary duty with respect to the investments in the PSA and non-PSA portions of the Plan, in violation of the Employee Retirement Income Security Act ("ERISA") § 404, 29 U.S.C. § 1104, by failing to (a) discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries for the exclusive purpose of providing benefits to participants and their beneficiaries, and defraying reasonable expenses of administering the Plan; (b) discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (c) diversify the investments of the Plan so as to minimize the risk of large losses; and/or (d) monitor the performance of other fiduciaries to the Plan in a prudent and reasonable manner.

(iv) That Defendants are liable for breaches of their fiduciary duties, violations of ERISA's prohibited transaction rules, and co-fiduciary breaches and liability for a knowing breach of trust.

(v) That Defendants are liable to restore the losses that have been suffered as a direct result of Defendants' breaches of fiduciary duty, violations of ERISA's prohibited transaction rules, and/or co-fiduciary breaches, and are

> liable for all recoverable damages and any other available equitable or remedial relief, including prospective injunctive and declaratory relief, and attorneys' fees, costs and other recoverable expenses of litigation."

To reiterate what the Court made clear in November, the injunction covers any pending and future arbitrations and actions. Additionally, the Court's oral decision on the preliminary injunction discussed that the injunction covers arbitrations concerning class members' individual claims, actions to confirm awards won in those arbitrations, and the claims in the *Canfield* and *Mendon* cases.

As they argued when opposing the preliminary injunction motion, the Arbitration Claimants again suggest that the preliminary injunction order exceeds this Court's authority by enjoining parallel proceedings, including federal proceedings. The Court considered their arguments and addressed the Court's authority to do so in the ruling on the preliminary injunction. As the Court noted there, the Court does not intend to disrespect the Western District of Missouri's authority and jurisdiction, however, the Second Circuit's clear ruling on this issue compelled the Court to issue the preliminary injunction order and compels the Court to deny this stay. As the Court has certified a mandatory class, the claims of class members should be handled and resolved in this class action.

*Fourth*, the public interest weighs against a stay. The Arbitration Claimants argue that federal policy generally favors arbitration, however that policy is not applicable here as the Second Circuit's ruling in *Cooper v. Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173 (2d Cir. 2021) instructs that the Arbitration Claimants' claims are not arbitrable. The class certification order and injunction order held accordingly. Instead, principles of judicial economy favor denial of the stay. "Considerations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary." *Sutherland v. Ernst & Young*

*LLP*, 856 F. Supp. 2d 638, 644 (S.D.N.Y. 2012). Further "[t]here is a significant public interest in conserving judicial and arbitration resources by preventing duplicative proceedings." *Morgan Stanley & Co. v. Seghers*, No. 10 CIV. 5378 (DLC), 2010 WL 3952851, at *7 (S.D.N.Y. Oct. 8, 2010). The class certification order and preliminary injunction expressly intended to eliminate duplicative litigation; granting the requested stay would amount to a grant of permission for the Arbitration Claimants and other class members to engage in parallel proceedings, leading to a waste of judicial resources and inconsistent judgments.

      Accordingly, the Court **DENIES** the Arbitration Claimants' motion to stay.

      With respect to the issue of those arbitration awards already entered against DST, the status of those awards will be determined at final judgment, either after trial or after settlement. Additionally, the Court grants DST's motion to file under seal an exhibit to their brief regarding the awards that have been entered against DST.

      In light of this order, the hearing scheduled for February 4, 2022 is cancelled.

      The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 341.

**SO ORDERED.**

**Dated:**    **February 3, 2022**
              **New York, New York**

                                             **ANDREW L. CARTER, JR.**
                                             **United States District Judge**