UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                          :

MICHAEL L. FERGUSON, MYRL C.
JEFFCOAT and DEBORAH A. SMITH,
Individually and as Representatives of a Class
of Similarly Situated Plan Participants and
Beneficiaries, and on behalf of the DST
SYSTEMS, INC. 401(k) PROFIT SHARING
PLAN,

              Plaintiffs,

              - against -

RUANE CUNNIFF & GOLDFARB INC.,
DST SYSTEMS, INC., THE ADVISORY
COMMITTEE OF THE DST SYSTEMS, INC.
401(k) PROFIT SHARING PLAN and THE
COMPENSATION COMMITTEE OF THE
BOARD OF DIRECTORS OF DST
SYSTEMS, INC.,

              Defendants.
-----------------------------------------------------------x

Case No. 1:17-cv-06685-ALC

**ANSWER AND CROSS-CLAIMS**

Defendant Ruane, Cunniff & Goldfarb Inc. ("RCG"), by and through its undersigned attorneys, Schulte Roth & Zabel, LLP, hereby submits its Answer to the Third Amended Complaint of Plaintiffs Michael L. Ferguson, Myrl C. Jeffcoat, and Deborah A. Smith ("Plaintiffs"), individually and as representatives of a class of similarly situated plan participants and beneficiaries, as follows:

## I.    INTRODUCTION

1.      Paragraph 1 of the Third Amended Complaint states legal conclusions and Plaintiffs' characterization of their own claims, to which no response is required.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 2 of the Third Amended Complaint. Denies the allegations contained in the second sentence of Paragraph 2, except admits that, as opposed to 401(k) plans, generally in defined benefit retirement plans, an employer provides a calculable benefit and is responsible as to fees and performance of pension plan assets used to fund the defined benefits.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Third Amended Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 4 of the Third Amended Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of footnote 2, except denies that the PSA is "akin to a DB in many respects." Denies the allegations contained in the second sentence of footnote 2, except admits that RCG's services as investment advisor to the PSA were terminated effective July 31, 2016 and denies knowledge or information regarding changes to the PSA after RCG's services were terminated. Denies the allegations contained in the third sentence of footnote 2 with respect to RCG and states that RCG had no involvement in the 401(k) portion of the Plan. States that the meaning of the second and third sentences of Paragraph 4 is ambiguous and, as a result, RCG cannot admit or deny the allegations contained in these sentences except admits that administrators of large defined contribution plans have the ability to make informed judgments with respect to the fees and expenses for administrative and investment management services consonant with their fiduciary duties. As to the fourth sentence of Paragraph 4, since it states legal conclusions, no response is required and RCG admits that as a fiduciary in connection with

2

the Plan, RCG acted for the exclusive benefit of participants in the Plan and invested the assets

of the Plan in a prudent fashion and that RCG's fees were fair and reasonable.  Denies the

allegations contained in the fifth sentence of Paragraph 4, except admits that Defendants were

fiduciaries of the Plan under ERISA.

5.      Denies the allegations contained in Paragraph 5 of the Third Amended Complaint.

6.      Paragraph 6 of the Third Amended Complaint states legal conclusions and

Plaintiffs' characterization of their own claims, to which no response is required.

7.      Paragraph 7 of the Third Amended Complaint states legal conclusions and

Plaintiffs' characterization of their own claims, to which no response is required.

## II.    THE PARTIES

8.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 8 of the Third Amended Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 9 of the Third Amended Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 10 of the Third Amended Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 11 of the Third Amended Complaint except admits that the

Plan served as a retirement vehicle for employees of DST Systems, Inc. ("DST") and

subsidiaries and affiliates of DST.

12.     Admits the allegations contained in the first sentence of Paragraph 12 of the Third

Amended Complaint.  Denies the allegations contained in the second sentence of Paragraph 12,

except admits that RCG served as an investment advisor to the PSA until its services were

terminated effective July 31, 2016 and that RCG was a fiduciary of the Plan under ERISA.

Denies the allegations contained in the third sentence of Paragraph 12, except admits that RCG

acts as an investment advisor to the Sequoia Fund, and that as of April 27, 2010, Sequoia's net

asset value was approximately $3.176 billion.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 13 of the Third Amended Complaint except admits that DST

is Plan sponsor and administrator and a fiduciary of the Plan.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 14 of the Third Amended Complaint except admits that the

Advisory Committee is a fiduciary of the Plan.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 15 of the Third Amended Complaint.

16.     Paragraph 16 of the Third Amended Complaint contains Plaintiffs'

characterization of their own claims, to which no response is required.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 17 of the Third Amended Complaint except admits that DST

and the Advisory Committee are fiduciaries of the Plan to whom RCG reported.

### III.    JURISDICTION AND VENUE

18.     Paragraph 18 of the Third Amended Complaint states legal conclusions to which

no response is required.

19.     Paragraph 19 of the Third Amended Complaint states legal conclusions to which

no response is required.

20.     Paragraph 20 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations contained in Paragraph 20, except admits that RCG's headquarters and principal place of business is located in New York, New York.

## IV.   BACKGROUND FACTS

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Third Amended Complaint, except admits that RCG served as the investment advisor to the PSA, monitored by DST and the Advisory Committee, until its services were terminated in 2016.

22.     The first sentence of Paragraph 22 of the Third Amended Complaint states legal conclusions to which no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 22.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 22.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 23 of the Third Amended Complaint. Denies the remainder of the allegations contained in Paragraph 23.

24.     Denies the allegations contained in Paragraph 24 of the Third Amended Complaint.

25.     Denies the allegations contained in Paragraph 25 of the Third Amended Complaint.

26.     Denies the allegations contained in Paragraph 26 of the Third Amended Complaint.  States that to the extent Plaintiffs purport to quote from an unidentified document in

the second sentence of Paragraph 26, that document speaks for itself, and respectfully refers the Court to the referenced document for a full and complete statement of the contents thereof.

27.     Denies the allegations contained in the first, second, and fourth sentences of Paragraph 27 of the Third Amended Complaint.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 27.

28.     Denies the allegations contained in the first sentence of Paragraph 28 of the Third Amended Complaint.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 28 and states that to the extent Plaintiffs purport to quote from an unidentified document in the second sentence of Paragraph 28, that document speaks for itself, and respectfully refers the Court to the referenced document for a full and complete statement of the contents thereof.  Denies the allegations contained in the third sentence of Paragraph 28, except denies knowledge or information about the disclosures made by the DST Defendants to Plan participants.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Third Amended Complaint, except admits that RCG was the investment advisor to the PSA commencing prior to 1980 and continuing through 2016. States that to the extent Plaintiffs purport to quote from an unidentified document in the third sentence of Paragraph 29, that document speaks for itself, and respectfully refers the Court to the referenced document for a full and complete statement of the contents thereof.

30.     Denies the allegations contained in Paragraph 30 of the Third Amended Complaint and respectfully refers the Court to the SPD for a full and complete statement of the contents thereof.

31.     Admits the allegations contained in Paragraph 31 of the Third Amended Complaint.

32.     Denies the allegations contained in Paragraph 32 of the Third Amended Complaint, except admits that the Sequoia Fund holds an investment in Berkshire Hathaway.

33.     Denies the allegations contained in Paragraph 33 of the Third Amended Complaint except states that the second sentence of Paragraph 33 asserts legal conclusions, to which no response is required.

34.     Admits the allegations contained in the first and second sentences of Paragraph 34 of the Third Amended Complaint.  Denies the allegations contained in the third sentence of Paragraph 34, except admits that the Sequoia Fund files reports on a quarterly basis.  Denies the allegations contained in the fourth, fifth, and sixth sentences of Paragraph 34.

35.     Denies the allegations contained in Paragraph 35 of the Third Amended Complaint, except admits that DST and RCG were fiduciaries under ERISA.

36.     Denies the allegations contained in Paragraph 36 of the Third Amended Complaint.

37.     Denies the allegations contained in Paragraph 37 of the Third Amended Complaint, except admits that RCG received a fee of 1% as investment advisor to the PSA and respectfully refers the Court to the Form ADV for a full and complete statement of the contents thereof.

38.     Denies the allegations contained in the first sentence of Paragraph 38 of the Third Amended Complaint, except admits that RCG received a fee of 1% as investment advisor to the PSA.  States that the second sentence of Paragraph 38 states legal conclusions to which no

response is required.  To the extent that a response is required, denies the allegations contained in the second sentence of Paragraph 38.

39.     Denies the allegations contained in the first, second, third, and fourth sentences of Paragraph 39 of the Third Amended Complaint and respectfully refers the Court to the Form ADV for a full and complete statement of the contents thereof.  States that the fifth sentence of Paragraph 39 states legal conclusions to which no response is required.  To the extent that a response is required, denies the allegations contained in the fifth sentence of Paragraph 39.

40.     Denies the allegations contained in Paragraph 40 of the Third Amended Complaint.

41.     Denies the allegations contained in Paragraph 41 of the Third Amended Complaint, except admits that RCG purchased 1,572,207 shares of Valeant for the PSA in 2010 at an average price of $18.89 per share and sold those shares in 2015 and 2016 at an average price of $29.47 per share.  States that to the extent Plaintiffs reference the Plan's financial statements and unidentified published reports in Paragraph 41, those documents speak for themselves, and respectfully refers the Court to the referenced documents for full and complete statements of the contents thereof.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 42 of the Third Amended Complaint. Denies the allegations contained in the second and third sentences of Paragraph 42 and states that RCG had no involvement in the 401(k) portion of the Plan.

43.     Denies the allegations contained in Paragraph 43 of the Third Amended Complaint, except admits that RCG was a fiduciary of the Plan.

44.     Denies the allegations contained in Paragraph 44 of the Third Amended Complaint, states that that the prices of Valeant stock are matters of public record, and respectfully refers the Court to such records.

45.     Denies the allegations contained in Paragraph 45 of the Third Amended Complaint, except admits that two of the Sequoia Fund's directors resigned in 2015 and states that to the extent Plaintiffs reference unidentified news reports in Paragraph 45, those documents speak for themselves, and respectfully refers the Court to the referenced documents for full and complete statements of the contents thereof.

46.     Denies the allegations contained in Paragraph 46 of the Third Amended Complaint.

47.     Denies the allegations contained in Paragraph 47 of the Third Amended Complaint.

48.     Denies the allegations contained in Paragraph 48 of the Third Amended Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 49 of the Third Amended Complaint and denies the allegations contained in the second sentence of Paragraph 49.

50.     Denies the allegations contained in Paragraph 50 of the Third Amended Complaint, except admits that RCG was terminated as the Plan's investment manager on July 31, 2016.

51.     Denies the allegations contained in Paragraph 51 of the Third Amended Complaint.

52.   Denies the allegations contained in Paragraph 52 of the Third Amended Complaint.

53.   Denies the allegations contained in Paragraph 53 of the Third Amended Complaint, except admits that RCG owed fiduciary duties to the Plan.

54.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 54 of the Third Amended Complaint, except admits that DST and the Advisory Committee were legally responsible for monitoring the investments undertaken by RCG in the PSA.  Denies the allegations contained in the second sentence of Paragraph 54.

## V.   ERISA'S FIDUCIARY STANDARDS

55.   Paragraph 55 of the Third Amended Complaint states legal conclusions to which no response is required.

56.   Paragraph 56 of the Third Amended Complaint states legal conclusions to which no response is required.

57.   Paragraph 57 of the Third Amended Complaint states legal conclusions to which no response is required.

58.   Paragraph 58 of the Third Amended Complaint states legal conclusions to which no response is required.

59.   Paragraph 59 of the Third Amended Complaint states legal conclusions to which no response is required.

60.   Paragraph 60 of the Third Amended Complaint states legal conclusions to which no response is required.

## VI.   CLASS ACTION ALLEGATIONS

61.     Paragraph 61 of the Third Amended Complaint states legal conclusions to which no response is required.

62.     Paragraph 62 of the Third Amended Complaint states legal conclusions and Plaintiffs' characterization of their own claims, to which no response is required.

63.     Paragraph 63 of the Third Amended Complaint states legal conclusions to which no response is required.

64.     Paragraph 64 of the Third Amended Complaint states legal conclusions to which no response is required.

## COUNT I

65.     In response to Paragraph 65 of the Third Amended Complaint, RCG repeats and realleges its responses to Paragraphs 1-64 of the Third Amended Complaint with the same force and effect as if set forth in full herein.

66.     Denies the allegations contained in Paragraph 66 of the Third Amended Complaint, except admits that RCG was a fiduciary of the Plan.

67.     Denies the allegations contained in Paragraph 67 of the Third Amended Complaint.

68.     Denies the allegations contained in Paragraph 68 of the Third Amended Complaint.

69.     Denies the allegations contained in Paragraph 69 of the Third Amended Complaint.

70.     Denies the allegations contained in Paragraph 70 of the Third Amended Complaint.

71.     Denies the allegations contained in Paragraph 71 of the Third Amended Complaint.

72.     Denies the allegations contained in Paragraph 72 of the Third Amended Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Third Amended Complaint.

74.     Denies the allegations contained in Paragraph 74 of the Third Amended Complaint.

75.     Denies the allegations contained in Paragraph 75 of the Third Amended Complaint.

76.     Paragraph 76 of the Third Amended Complaint states legal conclusions and Plaintiffs' characterization of their own claims, to which no response is required.  To the extent that a response is required, denies the allegations contained in Paragraph 76.

## COUNT II

77.     In response to Paragraph 77 of the Third Amended Complaint, RCG repeats and realleges its responses to Paragraphs 1-76 of the Third Amended Complaint with the same force and effect as if set forth in full herein.

78.     Denies the allegations contained in Paragraph 78 of the Third Amended Complaint.

79.     Denies the allegations contained in Paragraph 79 of the Third Amended Complaint.

80.     Denies the allegations contained in Paragraph 80 of the Third Amended Complaint.

## COUNT III

81.    In response to Paragraph 81 of the Third Amended Complaint, RCG repeats and realleges its responses to Paragraphs 1-80 of the Third Amended Complaint with the same force and effect as if set forth in full herein.

82.    Denies the allegations contained in Paragraph 82 of the Third Amended Complaint.

83.    All allegations in the Third Amended Complaint which are not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden to prove any fact at issue which is another party's burden to prove, RCG asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

84.    The Third Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

85.    Plaintiffs lack standing, in whole or in part, to assert the claims asserted in the Third Amended Complaint because they have not suffered any injury.

## THIRD AFFIRMATIVE DEFENSE

86.    The claims asserted in the Third Amended Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, consent, unclean hands, unjust enrichment, ratification, contributory negligence, and/or comparative fault, as well as other applicable equitable doctrines.

## FOURTH AFFIRMATIVE DEFENSE

87.     The claims asserted in the Third Amended Complaint are barred, in whole or in part, by Plaintiffs' own conduct.

## FIFTH AFFIRMATIVE DEFENSE

88.     The claims asserted in the Third Amended Complaint are barred, in whole or in part, because RCG at all times acted consistent with its obligations under ERISA and regulations promulgated thereunder.

## SIXTH AFFIRMATIVE DEFENSE

89.     The claims asserted in the Third Amended Complaint are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

## SEVENTH AFFIRMATIVE DEFENSE

90.     The claims asserted in the Third Amended Complaint are barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

91.     The claims asserted in the Third Amended Complaint are barred, in whole or in part, because Plaintiffs failed to mitigate the alleged damages, if any, that they claim in this case.

## NINTH AFFIRMATIVE DEFENSE

92.     Plaintiffs' damages, if any, were not caused by, or the result of, any fault, act or omission by RCG, but were caused by persons, entities, and/or circumstances for whom and/or which RCG is not and may not be held responsible and/or liable, under ERISA or otherwise.

## TENTH AFFIRMATIVE DEFENSE

93.     The claims asserted in the Third Amended Complaint are, in whole or in part, overbroad, including temporally.

14

### ELEVENTH AFFIRMATIVE DEFENSE

94.     The claims asserted in the Third Amended Complaint are barred, in whole or in part, by certain Plaintiffs' assumption of risk.

### TWELFTH AFFIRMATIVE DEFENSE

95.     Plaintiffs are not entitled to a jury trial under ERISA and regulations promulgated thereunder.

### THIRTEENTH AFFIRMATIVE DEFENSE

96.     RCG has entered into a settlement of all claims asserted against it by certain Plan participants who are members of the Class.  Therefore, in the event that a judgment is entered against RCG in this action, RCG is entitled to a judgment credit either in an amount equal to the settlement payment made to settle the claims asserted against RCG by those Plan participants or in an amount equal to the percentage of the total judgment in this action allocable to the settling Plan participants.

### RESERVATION OF RIGHTS

RCG does not knowingly or intentionally waive any applicable defenses, counterclaims, cross-claims, or third-party claims.  RCG reserves the right to supplement or amend this pleading, to add additional defenses, and to assert counterclaims, cross-claims, or third-party claims.

### RCG'S CROSS-CLAIMS AGAINST THE DST PARTIES

1.     RCG incorporates its Answer and Affirmative Defenses to the Third Amended Complaint into the below Cross-Claims against defendants DST Systems, Inc., the Advisory Committee of the DST Systems, Inc. 401(k) Profit Sharing Plan, and the Compensation Committee of the Board of Directors of DST Systems, Inc. (the "DST Parties").

2.      RCG denies that it or the DST Parties breached any fiduciary duties to the Plan, caused any harm to the Plan or the Class, or has any liability to the Plan or the Class.

3.      However, if it is determined that RCG is liable in any degree to Plaintiffs or the Class, whether by operation of law or for any other reason, then RCG is entitled to have that liability apportioned between it and the DST Parties by way of contribution and/or be indemnified by the DST Parties.

### FIRST CROSS-CLAIM
### Contractual Indemnification

4.      RCG repeats and re-alleges Paragraphs 1-3 above.

5.      The IMA between RCG and DST contains an indemnification provision (the "Indemnification Provision") which provides that RCG shall be indemnified and held harmless by DST against any and all losses, costs, claims and liabilities which RCG may suffer or incur arising out of any act or omission of any other fiduciary with respect to the Plan.

6.      Accordingly, RCG asks that this Court enforce the Indemnification Provision and order that the DST Parties indemnify and hold harmless RCG because any and all losses, costs, claims and liabilities which RCG may incur to the Plan or the Class in this case result from the DST Parties' acts or omissions with respect to the Plan.

### SECOND CROSS-CLAIM
### Common-Law Indemnification

7.      RCG repeats and re-alleges Paragraphs 1-6 above.

8.      Thus, to the extent RCG may be found liable in this action, its conduct was not a cause or a substantial cause of any harm or loss to the Plan or the Class, nor a cause or substantial cause of the Plan or the Class being deprived of any assets to which they were entitled, nor a cause of any diminution of Plan assets.

9.      If the DST Parties and RCG are found to be liable, in whole or in part, for any claim asserted in the Third Amended Complaint (liability which RCG denies) giving rise to joint and several liability with the DST Parties, then the DST Parties are substantially more at fault to the extent that the Plan or the Class suffered any harm or losses or were deprived of any assets to which they were entitled.

10.     Accordingly, the Court should order the DST Parties to indemnify RCG for the entirety of any judgment.

**THIRD CROSS-CLAIM**
**Contribution**

11.     RCG repeats and re-alleges Paragraphs 1-10 above.

12.     Alternatively, if the DST Parties and RCG are found liable for any claim asserted in the Third Amended Complaint (liability which RCG denies) that gives rise to such joint and several liability, then the DST Parties are liable to RCG for the DST Parties' portion of any damages claimed by Plaintiffs and the Class based on the DST Parties' proportionate share of fault.

13.     Accordingly, RCG asks this Court to order that the DST Parties be held liable to RCG for contribution and that the DST Parties be required to pay damages for its share of any losses to the Plan based on the DST Parties' proportionate share of fault, as determined by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, RCG demands:

  A.  Dismissal of the Third Amended Complaint and all of the claims asserted therein;

  B.  In the event RCG is held liable to Plaintiffs or the Class for any alleged losses, judgment against the DST Parties for contractual

indemnification, common-law indemnification and/or contribution of the entirety of the judgment, as set forth above; and

C.      Such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        March 7, 2022

**SCHULTE ROTH & ZABEL LLP**

By:   /s/  Robert J. Ward
        Robert J. Ward
        Frank W. Olander
        919 Third Avenue
        New York, New York 10022
        Tel: (212) 756-2000
        robert.ward@srz.com
        frank.olander@srz.com

*Attorneys for Defendant Ruane, Cunniff & Goldfarb Inc.*