UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/17/2022

| | |
|---|---|
| MICHAEL L. FERGUSON, et al., <br><br>    Plaintiffs, <br><br>-against- <br><br>RUANE CUNNIFF & GOLDFARB INC., et al., <br><br>    Defendants. | 17-CV-6685 (ALC) (BCM) |
| MARTIN J. WALSH, <br><br>    Plaintiff, <br><br>-against- <br><br>RUANE, CUNNIFF & GOLDFARB, INC., et al. <br><br>    Defendants. | 19-CV-9302 (ALC) (BCM) |
| MICHAEL L. FERGUSON, et al., <br><br>    Plaintiffs, <br><br>-against- <br><br>ROBERT D. GOLDFARB, <br><br>    Defendant. | 20-CV-7092 (ALC) (BCM) <br><br>**ORDER** |

**BARBARA MOSES, United States Magistrate Judge.**

All three of the above-titled actions have now been referred to Magistrate Judge Moses, pursuant to 28 U.S.C. § 636(b)(1)(A), for general pretrial management.[1] All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at

---

[1] *Ferguson v. Ruane Cunniff & Goldfarb Inc., et al.*, Case No. 17-CV-6685 (*Ferguson I*), was referred on January 6, 2020. (Dkt. No. 108 in *Ferguson I*.) *Walsh v. Ruane, Cunniff & Goldfarb, Inc., et al.*, Case No. 19-CV-9302 (*Walsh*), was referred on April 12, 2022. (Dkt. No. 156 in *Walsh*.) *Ferguson v. Goldfarb*, Case No. 20-CV-7092 (*Ferguson II*), was referred on May 9, 2022. (Dkt. No. 19 in *Ferguson II*.)

https://nysd.uscourts.gov/hon-barbara-moses. Although they are related, these cases are distinct in various ways and are currently at different pretrial stages.

In *Ferguson I*, the parties have "substantially completed document discovery" (Dkt. No. 383 in *Ferguson I*, at 1) in accordance with the deadlines set under the Initial Case Management Order (Dkt. No. 116 in *Ferguson I*), as modified (*see, e.g.*, Dkt. Nos. 150, 221 in *Ferguson I*). On September 18, 2020, the parties notified the Court that they had reached a class-wide settlement in principle. (Dkt. No. 225 in *Ferguson I*.) Thereafter, on August 17, 2021, U.S. District Judge Andrew L. Carter granted plaintiffs' pending motion for class certification but denied preliminary approval of the proposed settlement agreement. (Dkt. No. 311 in *Ferguson I*.)

The parties in *Ferguson II* – in which the sole defendant, Robert D. Goldfarb, formerly served as a principal for investment adviser Ruane, Cunniff & Goldfarb, Inc. (RCG) (one of the defendants in both *Ferguson I* and *Walsh*) – also filed a motion for settlement approval (Dkt. No. 8 in *Ferguson II*), which Judge Carter denied on August 30, 2021. (Dkt. No. 17 in *Ferguson II*.)

On May 5, 2022, certain parties in *Ferguson I* filed a joint letter requesting a case management conference to set a revised schedule to govern all remaining discovery and pretrial matters in *Ferguson I*. (Dkt. No. 383 in *Ferguson I*.) In their joint letter, they also requested that discovery be coordinated among *Ferguson I*, *Ferguson II*, and *Walsh*. (*Id.* at 2.) That request, in which defendant RCG in *Ferguson I* did not join and which plaintiff in *Walsh* opposes (Dkt. No. 386 in *Ferguson I*), remains outstanding.

Meanwhile, in *Walsh* – brought by the Secretary of Labor – defendants filed motions to dismiss, all of which Judge Carter denied on March 28, 2022. (Dkt. No. 149 in *Walsh*), shortly before referring that action to me for general pretrial management. Since no initial case management conference had been held in *Walsh* (and, accordingly, no discovery and pretrial

schedule had been set in that case), I scheduled that conference for today, May 17, 2022. (Dkt. No. 158.) Thereafter, due to a COVID-19 exposure, the Secretary's principal trial attorney requested an adjournment of the initial case management conference, which the Court granted yesterday, moving the *Walsh* conference to June 16, 2022, at 12:00 noon. (Dkt. No. 165 in *Walsh*.)

Although the Court did not originally intend to docket the adjournment order in any case other than *Walsh*, due to a miscommunication between chambers and the Clerk's Office, the same order was posted on the docket of *Ferguson I* and *Ferguson II* as well. (*See* Dkt. No. 388 in *Ferguson I*; Dkt. No. 21 in *Ferguson II*.) On reflection, and in the interest of judicial economy, the Court has determined to conduct a joint conference on that day and at that time. Consequently, it is hereby ORDERED that the conference scheduled for **June 16, 2022, at 12:00 noon**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, will function as an initial case management conference in both *Walsh* and *Ferguson II* and as a status and scheduling conference in *Ferguson I*. A separate order will issue in *Ferguson II* regarding the parties' pre-conference responsibilities.

At the June 16, 2022 conference, the Court will give the parties in all three cases an opportunity to discuss the appropriate degree of coordination, if any, among these three cases, going forward, for discovery purposes. If the parties reach agreement (in whole or in part) regarding such coordination, they shall file a joint letter (docketed in all three cases), outlining the area(s) of agreement, no later than **June 9, 2022**.

Dated: New York, New York
       May 17, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

3