UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL L. FERGUSON, MYRL C. JEFFCOAT, and DEBORAH SMITH, on behalf of the DST SYSTEMS, INC. 401(K) PROFIT SHARING PLAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RUANE CUNNIFF & GOLDFARB INC., DST SYSTEMS, INC., THE ADVISORY COMMITTEE OF THE DST SYSTEMS, INC. 401(K) PROFIT SHARING PLAN, and THE COMPENSATION COMMITTEE OF THE BOARD OF DIRECTORS OF DST SYSTEMS, INC.,<br><br>Defendants. | Case No. 17-CV-06685 (ALC)(BCM) |

**ANSWER**

Defendants DST Systems, Inc. ("DST"), the Advisory Committee of the DST Systems, Inc. 401(k) Profit Sharing Plan (the "Advisory Committee") and the Compensation Committee of the Board of Directors of DST Systems, Inc. (the "Compensation Committee") (collectively, the "DST Parties"), by and through their undersigned attorneys, Paul, Weiss, Rifkind, Wharton & Garrison, LLP, hereby submit their Answer to the Cross-Claims of Ruane, Cunniff & Goldfarb Inc. ("Ruane" or "RCG") as follows:

**RCG'S CROSS-CLAIMS AGAINST THE DST PARTIES**

1.      Paragraph 1 contains characterizations of Ruane's own claims, to which the DST Parties need not respond.

2.      Paragraph 2 contains legal conclusions and Ruane's characterization of its own claims, to which the DST Parties need not respond.  To the extent a response is required, the

DST Parties deny that they breached any fiduciary duties to the Plan, caused any harm to the Plan or its participants, or have any liability to the Plan or its participants.

3.      The DST Parties deny the allegations contained in Paragraph 3, but aver that, if the DST Parties are found liable to Plaintiffs or the Class for any reason, Ruane should be liable to the DST Parties for contribution and/or indemnification.

## FIRST CROSS-CLAIM
### Contractual Indemnification

4.      The DST Parties repeat and incorporate by reference their responses to Paragraphs 1 through 3.

5.      The DST Parties deny the allegations contained in Paragraph 5, and refer to the Investment Management Agreement for a full and complete statement of the contents thereof.

6.      Paragraph 6 contains characterizations of Ruane's own claims, to which the DST Parties need not respond.  To the extent a response is necessary, the DST Parties deny the allegations contained in Paragraph 6.

## SECOND CROSS-CLAIM
### Common-Law Indemnification

7.      The DST Parties repeat and incorporate by reference their responses to Paragraphs 1 through 6.

8.      The DST Parties deny the allegations contained in Paragraph 8, but aver that neither the DST Parties nor Ruane breached any fiduciary duties to the Plan.

9.      The DST Parties deny the allegations contained in Paragraph 9.

10.     Paragraph 10 contains legal conclusions, to which the DST Parties need not respond.  To the extent a response is necessary, the DST Parties deny the allegations contained in Paragraph 10.

**THIRD CROSS-CLAIM**
<u>Contribution</u>

11.     The DST Parties repeat and incorporate by reference their responses to Paragraphs 1 through 10.

12.     Paragraph 12 contains legal conclusions and Ruane's characterization of its own claims, to which the DST Parties need not respond.  To the extent a response is necessary, the DST Parties deny the allegations contained in Paragraph 12.

13.     Paragraph 13 contains legal conclusions and Ruane's characterization of its own claims, to which the DST Parties need not respond.  To the extent a response is necessary, the DST Parties deny the allegations contained in Paragraph 13.

**<u>PRAYER FOR RELIEF</u>**

14.     Answering Ruane's prayer for relief, the DST Parties deny that Ruane is entitled to relief against the DST Parties.

**<u>AFFIRMATIVE DEFENSES</u>**

Without assuming the burden to prove any fact at issue which is another party's burden to prove, the DST Parties assert the following affirmative defenses.

**<u>FIRST DEFENSE</u>**

The Ruane Cross-Claims fail to state a claim upon which relief can be granted.

**<u>SECOND DEFENSE</u>**

The Ruane Cross-Claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, consent, unclean hands, unjust enrichment and/or ratification, as well as other applicable equitable doctrines.

3

### THIRD DEFENSE

The Ruane Cross-Claims are barred, in whole or in part, because the DST Parties at all times acted consistent with their obligations under ERISA and regulations promulgated thereunder.

### FOURTH DEFENSE

Any liability imposed on Ruane is not caused by, or the result of, any fault, act or omission by the DST Parties, but was caused by persons, entities and/or circumstances for whom and/or which the DST Parties are not and may not be held responsible and/or liable, under ERISA or otherwise.

### RESERVATION OF RIGHTS

The DST Parties presently lack sufficient knowledge or information to form a belief as to whether they may have additional affirmative defenses and expressly reserve any and all rights to assert additional affirmative defenses in the event they discover facts supporting such defenses.

Dated:  October 28, 2022
New York, New York

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

*/s/ Lewis R. Clayton*
Lewis R. Clayton (lclayton@paulweiss.com)
Jessica S. Carey (jcarey@paulweiss.com)
Jeffrey J. Recher (jrecher@paulweiss.com)
Nina M. Kovalenko (nkovalenko@paulweiss.com)
1285 Avenue of the Americas
New York, NY  10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

*Counsel for Defendants DST Systems, Inc., the*
*Advisory Committee of the DST Systems, Inc.*
*401(k) Profit Sharing Plan, and the Compensation*
*Committee of the Board of Directors of DST*
*Systems, Inc.*