# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL L. FERGUSON, MYRL C. JEFFCOAT and DEBORAH SMITH, individually and as representatives of a class of similarly situated plan participants and beneficiaries, and on behalf of the DST SYSTEMS, INC. 401(K) PROFIT SHARING PLAN,<br><br>      Plaintiffs,<br><br>      v.<br><br>RUANE CUNNIFF & GOLDFARB INC., DST SYSTEMS, INC., THE ADVISORY COMMITTEE OF THE DST SYSTEMS, INC. 401(K) PROFIT SHARING PLAN and THE COMPENSATION COMMITTEE OF THE BOARD OF DIRECTORS OF DST SYSTEMS, INC.,<br><br>      Defendants. | Case No. 1:17-cv-06685-ALC-BCM |
| MICHAEL L. FERGUSON, MYRL C. JEFFCOAT and DEBORAH SMITH, individually and as representatives of a class of similarly situated plan participants and beneficiaries, and on behalf of the DST SYSTEMS, INC. 401(K) PROFIT SHARING PLAN,<br><br>      Plaintiffs,<br><br>      v.<br><br>ROBERT D. GOLDFARB,<br><br>      Defendant. | Case No. 1:20-cv-07092-ALC-BCM<br><br>**DECLARATION OF LAURIE RUBINOW** |

I, Laurie Rubinow, hereby declare under penalty of perjury:

1. I am a Partner in Miller Shah LLP ("Miller Shah"), and I am a member of the bars of the State of New York and this Court. I am one of the attorneys who has worked on this matter since its inception and I have personal knowledge of the facts set forth herein.

2. Attached as Exhibit 1 is a true and correct copy of the Settlement Agreement[1] dated July 14, 2023, including all exhibits to the Settlement Agreement:

- **Exhibit A** – Long-Form Notice of Settlement and Plan of Allocation;
- **Exhibit B** – [Proposed] Final Approval Order;
- **Exhibit C** – [Proposed] Preliminary Approval Order;
- **Exhibit D** – Summary Notice of Settlement;
- **Exhibit E** – Former Participant Rollover Form;
- **Exhibit F** – Joint Stipulation of Settlement and Release of Claims to be filed in *Su v. Ruane, Cunniff & Goldfarb Inc., et al.*; and
- **Exhibit G** – List of Individuals Excluded from Settlement Class by virtue of service on fiduciary committees.

3. Plaintiffs have actively participated in the above litigation with their counsel, Miller Shah and Olivier & Schreiber, LLP ("Olivier & Schreiber" and with Miller Shah, "Class Counsel"). Among other things, Plaintiffs have assisted Class Counsel in investigating the Plan's claims and drafting the respective complaints and other court pleadings, answered discovery requests and produced documents, provided information to Class Counsel to assist them in representing the interests of the Plan and its participants, and participated in strategy and settlement discussions with Class Counsel. In order to fulfill their duties to the Settlement Class,

---

[1] Terms not defined herein shall have the same meaning as in the Settlement Agreement.

1

Plaintiffs have participated in regular conference calls with Class Counsel (approximately 50 since the outset of this litigation) to ensure they remained fully apprised of all developments in the litigation. Plaintiffs understand their duties and responsibilities as class representatives and representatives of the Plan, and they have no interests that are antagonistic to members of the Settlement Class or the Plan.

4. Based upon my review of the Plan's Form 5500s filed during the Class Period, there were at least 9,000 participants in the Plan throughout the Class Period. Plaintiffs each participated in the Plan during the Class Period, and Mr. Ferguson and Ms. Jeffcoat remain participants in the Plan. Ms. Smith ceased to be an active participant in the Plan on or about January 12, 2018, when she terminated her participation in the Plan and became a former participant.

5. Miller Shah is experienced in class action litigation, including in ERISA class actions, and has recovered in excess of $1 billion on behalf of its clients in such cases. *See* millershah.com. James E. Miller and I have led Miller Shah's practice in the ERISA field over the past decade and we have served as lead counsel in a number of the most significant ERISA cases prosecuted in the United States on behalf of retirement plans and their participants, including the following: *Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co.*, No. 3:11-CV-282 (D. Conn.) (class action on behalf of retirement plans that proceeded to trial before the Honorable William G. Young and resulted in settlement valued at over $400 million for the class of retirement plans in that case); *Phones Plus, Inc. v. Hartford Fin. Svc., Inc.*, No. 3:06-cv-01835 (D. Conn.) (class action settlement with value of over $80 million on behalf of class of retirement plans); *Garthwait v. Eversource*, No. 3:20-cv-00902 (D. Conn.) ($15 million settlement on behalf of retirement plan participants); *Boley v. Universal Health Servs., Inc.*, No.

2

2:20-cv-02644 (E.D. Pa.) ($12.5 million settlement on behalf of retirement plan participants); *Golden Star, Inc. v. Mass Mutual Life Ins. Co.*, No. 3:11-cv-30235 (D. Mass.) ($9.475 million class action settlement on behalf of class of retirement plans); *Butler National v. Union Central Life Ins. Co.*, No. 1:12-cv-177 (S.D. Ohio) ($2.25 million cash payment to class of retirement plans and other relief to class valued at over $15 million to class); *Terraza v. Safeway, Inc.*, No. 4:16-cv-03994 (N.D. Cal.) (settlement of $8.5 million for class of plan participants pending approval); *In re LinkedIn ERISA Litig.*, 5:20-cv-05704-EJD (N.D. Cal.) ($6.75 million settlement on behalf of retirement plan participants); *Jones v. Coca-Cola Consolidated, Inc.*, No. 3:20-cv-00988 (W.D.N.C.) (settlement of $3.5 million for class of plan participants); *Barcenas v. Rush Univ. Med. Ctr.*, No. 1:22-cv-00366 (N.D. Ill.) ($2.95 million settlement on behalf of retirement plan participants); *Allison v. L Brands, Inc.*, No. 2:20-cv-1060 (S.D. Ohio) ($2.75 million settlement on behalf of retirement plan participants); *Butler National v. Union Central Life Ins. Co.*, No. 1:12-cv-177 (S.D. Ohio) ($2.25 million common fund established for class of retirement plans and other relief to class valued at over $15 million); *Blackmon v. Zachry Holdings, Inc.*, No. 5:20-cv- 00988 (W.D. Tex.) (settlement of $1.875 million for class of plan participants).

6. In addition, in 2020, Mr. Miller was recently named whistleblower lawyer of the year by Taxpayers Against Fraud ("TAF"), a well-respected non-profit association, for his work on behalf of the United States and certain states in recovering $678 million in *U.S. ex rel. Bilotta v. Novartis Pharmaceuticals Corp.*, No. 1:11-cv-0071 (PGG), and $54 million in *U.S. ex rel. Arnstein et al. v. Teva Pharmaceuticals et al.*, No. 1:13-cv-3702 (CM), both of which cases settled on the eve of trial in this judicial district before Judge Gardephe and Chief Judge McMahon, respectively, and demonstrate Miller Shah's ability to handle exceptionally complex

3

litigation in a cooperative manner with the United States government—in those cases, with the Office of the U.S. Attorney for the Southern District of New York. Thus, it is beyond serious question that Miller Shah has the experience, resources, expertise and aptitude necessary to properly represent the interests of the Plan and the Class in this case.

7. Olivier & Schreiber is a law firm specializing in complex litigation, class actions and appeals in the areas of employment, ERISA, civil rights and consumer protection. Olivier & Schreiber represents individuals against large companies in individual as well as complex, class and collective action lawsuits, including ERISA class actions. Monique Olivier, who has led Olivier & Schreiber's representation of Plaintiffs in this action, has served as lead counsel in a number of class and representative actions, including the following: *Bernstein v. Virgin America, Inc.*, Case No. 13-cv-02277-JST (N.D. Cal.) (obtaining judgment in excess of $77M in certified wage and hour case on behalf of flight attendants); *Terraza v. Safeway, Inc.*, No. 4:16-cv-03994 (N.D. Cal.) (settlement of $8.5 million in ERISA action on behalf of plan participants); *Casteel v. Alaska Airlines, Inc.*, Case No. RG20052826 (Alameda County Superior Court) (representative employment action on behalf of flight attendants resulting in $3M settlement to aggrieved employees and the state of California, and significant injunctive relief); *Bowerman v. Field Asset Services, Inc., et al.*, No. 13-CV-00057-WHO (N.D. Cal.) (obtained class certification and summary judgment, and obtained verdict and judgment for first ten class members in excess of $7.5 million); *Ambrosio et al. v. Cogent Communications, Inc.*, Case No. 14-02182 RS (N.D. Cal.) (certified class action on behalf of California sales personnel for overtime violations, resulting in classwide settlement of $3M); *Bell v. Delta Air Lines*, No. 13-cv-01199 YGR (N.D. Cal.) (class action on behalf of California airline cargo workers for overtime violations, resulting in classwide settlement of $1.4M); *Kirola v. City and County of*

4

*San Francisco*, No. 14-17521 (9th Cir.) (secured reversal of judgment in favor of defendant following bench trial of this action seeking disability access to city services and programs); *Li v. A Perfect Day Franchise, Inc. et al.*, No. CV 10-01189 LHK (PSG) (N.D. Cal.) (class action on behalf of low wage workers subjected to massive wage violations, resulting in judgment over $13M).

8.  Class Counsel's representation of the Plan and Settlement Class began in 2016 with a comprehensive pre-filing investigation of the Plan's claims and underlying facts. On March 14, 2016, on behalf of Clive V. Cooper, a former employee of DST and participant in the Plan, Class Counsel filed *Cooper v. Ruane Cunniff & Goldfarb Inc.*, 1:16-cv-01900 (S.D.N.Y.), asserting breach of fiduciary duty claims against certain fiduciaries of the Plan related to overconcentration of the stock of Valeant Pharmaceuticals International Inc. n/k/a Bausch Health Companies Inc. ("Valeant" or "VRX") in the Plan's Profit Sharing Account ("PSP"), as well as other conduct. *Cooper* was filed as a putative class action on behalf of similarly-situated participants and beneficiaries in the Plan. The late Honorable William H. Pauley granted a motion to compel arbitration and Mr. Cooper appealed. Class Counsel briefed and argued the appeal, which resulted in a significant precedential decision by the United States Court of Appeals for the Second Circuit. *See Cooper v. Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173 (2d Cir. 2021). In 2017 and 2020, respectively, Class Counsel filed *Ferguson I* and *Ferguson II* on behalf of the Plan and Mr. Ferguson, Ms. Jeffcoat, and Ms. Smith, also former employees of DST and current and former participants in the Plan. Class Counsel's representation of the Plan and Settlement Class has spanned seven years and included vigorous litigation of several dispositive and other motions, multiple appeals, discovery, and comprehensive negotiations over the course of several years with all parties.

9. The parties engaged in a lengthy process in which they communicated their respective positions concerning the merits of Plaintiffs' claims and Defendants' defenses, as well as the Plan's alleged losses. These efforts included discussions with the Department of Labor and Arbitration Counsel regarding substantive and procedural issues related to these actions and the related proceedings. The parties engaged in numerous mediations with David Geronemus and Robert A. Meyer, two of the most well-respected mediators in the country, who have substantial experience with complex ERISA actions, over the course of several years. There has been no collusion or complicity of any kind in connection with the settlements reached in these cases or in any related negotiations.

10. As noted above, Class Counsel have significant experience in similar litigation, and are well-informed as to the specifics of these actions. Class Counsel's thorough investigation, which has spanned years, coupled with the significant document discovery conducted in *Cooper* and *Ferguson I*, has afforded Class Counsel a significant understanding of the merits of the claims asserted, the strength of Defendants' defenses, and the values of theoretical outcomes of the case. In addition, Class Counsel has engaged in extensive consultation with experts in assessing the claims, defenses and potential damages in connection with their negotiation of the settlements in these cases.

11. In connection with Plaintiffs' submission of the prior proposed settlement in 2021, Plaintiffs' expert calculated, based upon realistic and highly defensible concentration limits (assuming that the PSP should have been treated as a unitary investment fund that would have applied accepted principles of modern portfolio theory to establish its concentration limits), that the PSP would have been better off by $86 million to $97 million, if appropriate rebalancing had occurred. This represents the most realistic and appropriate measure of potential damages

6

recoverable from all parties with potential liability based upon these expert calculations. Although damages could potentially be calculated at higher levels (based upon higher concentration thresholds for single stocks in the Plan), it bears noting that such calculations could prove difficult to defend, based upon the full record in this case. Plaintiffs' experts also have evaluated the relative fault of the respective defendants and believe that the Settlement is fair and adequate under all of the circumstances.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of July, 2023 at Chester, CT.

/s/ *Laurie Rubinow*
Laurie Rubinow