USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: \_\_8/3/2023\_\_\_\_\_

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL L. FERGUSON, MYRL C. JEFFCOAT and DEBORAH SMITH, Individually and as Representatives of a Class of Similarly Situated Plan Participants and Beneficiaries, and on behalf of the DST SYSTEMS, INC. 401(K) PROFIT SHARING PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>RUANE, CUNNIFF & GOLDFARB INC.; DST SYSTEMS, INC.; THE ADVISORY COMMITEE OF THE DST SYSTEMS, INC. 410(K) PROFIT SHARING PLAN; and THE COMPENSATION COMMITTEE OF THE BOARD OF DIRECTORS OF DST SYSTEMS, INC.,<br><br>Defendants. | Civil Action No. 1:17-cv-06685-ALC-BCM<br><br>**PRELIMINARY APPROVAL ORDER** |

The Court, having received and considered the Motion for a Preliminary Approval Order of Plaintiffs Michael L. Ferguson, Myrl C. Jeffcoat, and Deborah Smith (collectively, "Named Plaintiffs"), dated July 14, 2023 (the "Motion"), and the papers filed in support of the Motion, including the Settlement Agreement entered into as of July 14, 2023 and all exhibits thereto (the "Settlement Agreement"), and the declarations of counsel; having further considered the arguments of counsel and the pleadings and record in this case; and finding good cause for granting the Motion,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Capitalized terms not defined in this Preliminary Approval Order shall have the meaning ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3. Venue in this Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

4. Consistent with this Court's findings of fact, conclusions of law, and determinations of any mixed fact/law questions in its Memorandum and Order dated August 17, 2021, ECF No. 311 (the "Certification Order"), the Court finds, on a preliminary basis and for the purposes of settlement only, that the mandatory Settlement Class should be certified under Federal Rules of Civil Procedure 23(a) and 23(b)(1). The Court hereby certifies the following Settlement Class:

> All Participants in the Plan from March 14, 2010 through July 31, 2016 (the "Class Period"), *except:* (i) all individuals who during the Class Period were members of the Advisory Committee; (ii) all individuals who during the Class Period were members of the Compensation Committee; (iii) any other individuals who served as fiduciaries of the Plan during the Class Period; and (iv) the beneficiaries, immediate family members, estates, and executors of (i)-(iii).

The Court's prior findings and reasoning in certifying the class in this Action (the "Class") in the Certification Order continue and are incorporated herein.[1] The Court will use the terms "Class" and "Settlement Class" interchangeably in recognition of the Settlement reached by the parties.

5. The terms set forth in the Settlement Agreement are preliminarily approved, subject to further consideration at the hearing the Court will hold pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Settlement should receive final approval by the Court, as provided for below (the "Fairness Hearing"). Having considered the terms of the Settlement and the submissions in support of preliminary approval, the Court determines, in accordance with

---

[1] The definition of the Settlement Class set forth above is identical in all material respects to the definition of the class certified in the Certification Order. The only changes from the prior class definition clarify that the Plan fiduciaries excluded from the class are those who served as fiduciaries during the Class Period.

Federal Rule of Civil Procedure 23(e)(1)(B), that it is likely that the Court will be able to grant final approval of the Settlement under Federal Rule of Civil Procedure 23(e)(2) following notice and a hearing. The Settlement Agreement therefore is sufficiently within the range of reasonableness to warrant preliminary approval of the Settlement, the scheduling of the Fairness Hearing, and the mailing of Class Notice, each as provided for in this Preliminary Approval Order.

6.   The Court approves the retention by Class Counsel of Strategic Claims Services as the Settlement Administrator.

7.   This Preliminary Approval Order does not alter or modify the existing injunction as against members of the Federal Rule of Civil Procedure 23(b)(1) class certified by this Court on August 17, 2021, as set forth in the Court's November 18, 2021 Order, ECF No. 330, as clarified by the Court's February 3, 2022 Order Denying Motion to Stay, ECF No. 369, which remains in effect.

8.   The Court approves the Class Notice and Summary Notice in substantially the forms attached as **Exhibit A** and **Exhibit D** to the Settlement Agreement. The Court approves the form and content of the Class Notice and Summary Notice and finds that the proposed Class Notice and Summary Notice fairly and adequately:

> Summarize the claims that are asserted;
>
> Identify the Settlement Class;
>
> Describe the terms and effect of the Settlement Agreement, including the benefits of the Settlement and the release of the Defendant Releasees by Plaintiffs, as well as the Permanent Injunction;
>
> Provide information regarding who is required to submit a Former Participant Rollover Form and the process for doing so;
>
> Notify the Settlement Class that Class Counsel will seek compensation from the Qualified Settlement Fund for Settlement Administration Expenses, Independent Fiduciary Fees and Costs, CAFA Fees and Costs,

> attorney's fees and expenses, and Case Contribution Award(s);
>
> Notify the Settlement Class that Arbitration Counsel and *Canfield/Mendon* Counsel will seek compensation from the Qualified Settlement Fund for attorney's fees and expenses;
>
> Describe how the recipients of the Class Notice may object to the Settlement, or any requested Settlement Administration Expenses, attorney's fees and expenses, or Case Contribution Award(s); and
>
> Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' and other affected Persons' right to appear.

9. The Court finds that the Plan of Allocation proposed by Named Plaintiffs and Class Counsel for allocating the Settlement Fund to Class Members, as described in **Exhibit 1** to the Class Notice, is likely to receive final approval and that the Settlement is within the range of reasonableness to warrant preliminary approval.

### Manner of Giving Notice

10. The Plan's recordkeepers are directed to provide to the Settlement Administrator, within five (5) calendar days of the entry of this Preliminary Approval Order, any information (including names and last known addresses and email addresses, if available) the Settlement Administrator reasonably identifies as necessary to effectuate the Class Notice that have not already been supplied to the Settlement Administrator. The names, addresses and email addresses, if available, provided to the Settlement Administrator pursuant to this Preliminary Approval Order shall be used solely for the purpose of providing Class Notice of this Settlement and, as may become necessary, for distribution of the Net Settlement Fund and for no other purpose, and shall be treated as "Confidential."

11. Within fourteen (14) calendar days of the entry of this Preliminary Approval Order and no later than the first date that the emailing or the physical mailing of the Class Notice occurs, the Settlement Administrator shall establish a website containing the Class Notice, the Summary

Notice, the Settlement Agreement and its exhibits, this Preliminary Approval Order, the Complaint, and the Motions for Preliminary Approval and Final Approval (when filed); the motion(s) for attorney's fees and expenses (when filed); any approval order or other Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the parties.

12. Within fourteen (14) calendar days of the entry of this Preliminary Approval Order and no later than the first date that the emailing or the physical mailing of the Class Notice occurs, the Settlement Administrator shall establish a toll-free telephone number to which Class Members can direct questions about the Settlement.

13. Within fourteen (14) calendar days after entry of this Preliminary Approval Order, the Settlement Administrator shall cause copies of the Class Notice to be sent by first-class mail or email (if available) to all Participants in the Plan during the Class Period through the notice procedure described in the Settlement Agreement and shall cause the Summary Notice to be published one time in *USA Today* and PR Newswire.

14. Not later than seven (7) business days after sending the Class Notice, the Settlement Administrator shall provide to Class Counsel and to Defense Counsel a declaration attesting to compliance with the sending of the Class Notice, as set forth above.

15. The Court finds that the Class Notice to be provided as set forth in this Preliminary Approval Order is the best means of providing notice to the Class Members as is reasonably practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all Persons affected by or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

16. All Settlement Administration Expenses, Independent Fiduciary Fees and Costs, and CAFA Fees and Costs shall be paid as set forth in the Settlement Agreement.

## Fairness Hearing

17. The Court will hold the Fairness Hearing on October 23, 2023 at 4:00 PM (telephonic conference), for the purposes of determining whether: (i) the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court; (ii) Final Judgment should be entered; (iii) the Settlement Class should be certified as a mandatory class meeting the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23(b)(1); (iv) the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the distribution of the Class Notice and the Summary Notice to members of the Settlement Class; (v) the requirements of CAFA have been satisfied; (vi) the Permanent Injunction (as set forth in Section 3.3.6 of the Settlement Agreement) should be entered; (vii) the Plan of Allocation, consistent with Section 12.4 of the Settlement Agreement, shall be approved; (viii) to approve Case Contribution Award(s) from the Qualified Settlement Fund and, if so, the amount(s); (ix) to award from the Qualified Settlement Fund attorney's fees and further expenses, and if so, the amounts to Class Counsel, Arbitration Counsel, and *Canfield/Mendon* Counsel; (x) to approve payment from the Qualified Settlement Fund for Settlement Administration Expenses, Independent Fiduciary Fees and Costs, and CAFA Fees and Costs; and (xi) to address any objections to the Settlement that are properly before this Court, as provided below. The Court will likewise consider any and all other matters that may properly be brought before the Court in any way connected to the Settlement. Notice of the Settlement and the Fairness Hearing shall be given to all Participants in the Plan during the Class Period as set forth in this Preliminary Approval Order.

18. Not later than twenty (20) calendar days before the Fairness Hearing, Class Counsel, Arbitration Counsel, and *Canfield/Mendon* Counsel shall petition the Court for an award of attorneys' fees and expenses, and Class Counsel shall petition the Court for approval of Case Contribution Award(s), to be paid from the Qualified Settlement Fund.

19. Not later than twenty (20) calendar days before the Fairness Hearing, Class Counsel shall file a motion for a Final Approval Order. Should Defense Counsel elect to submit papers in support of final approval, they shall likewise do so not later than fifteen (15) calendar days before the Fairness Hearing.

20. Not later than twenty (20) calendar days before the Fairness Hearing, the Independent Fiduciary shall submit its report pursuant to Section 3.7.1 of the Settlement Agreement.

21. The Court may continue or adjourn the Fairness Hearing without further direct notice to the Class Members or other Persons, other than notice to Class Counsel.

### Objections to the Settlement

22. The Court will consider written comments and objections to the Settlement, to any motion for attorney's fees and expenses, and to Plaintiffs' request for Case Contribution Award(s). Any objection to the proposed Settlement must be in writing, and must (i) clearly identify the case name and number, and (ii) be submitted to the Court either by mailing it to the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, or by filing it in person at any location of the United States District Court for the Southern District of New York. To state a valid objection to the Settlement, an objecting Person must provide the following information in their written objection: (1) their full name, current address, and current telephone number, and, if represented by counsel, the name and contact information of any of their counsel; (2) whether the objection applies only to the objecting

Person, to a specific subset of the Settlement Class, or to the entire Settlement Class; (3) a statement of the position(s) the objector wishes to assert; (4) copies of any other documents that the objector wishes to submit in support of their position; and (5) a list of any other objections they have made to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years.

23. Any Person's objections must be received by the Court and the Settling Parties no later than ten (10) calendar days before the Fairness Hearing. Class Counsel and/or Defense Counsel shall file a response to any objections no later than three (3) calendar days before the Fairness Hearing. Objectors will not be permitted a reply in support of their objection.

24. Any Person who does not timely file a written objection in the manner specified above shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement Agreement, and any untimely or improperly filed objection shall be barred absent an order from the Court.

25. Any Person who files and serves a timely, written comment or objection in accordance with this Preliminary Approval Order may also appear at the Fairness Hearing either in person or through qualified counsel retained at their own expense. Any comment or objection that is timely filed in accordance with this Preliminary Approval Order will be considered by the Court even in the absence of a personal appearance by the Person or that Person's counsel.

**Termination of Settlement**

26. If the Settlement is terminated in accordance with the terms of the Settlement Agreement, this Preliminary Approval Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the parties, all of whom shall be deemed to have reverted to their respective status in the Action as of October 31, 2022 or as otherwise provided for in the Settlement Agreement.

## Approval of Settlement

27. The Court may approve the Settlement with such modifications as may be agreed to by the Settling Parties, if appropriate, and if the modifications concern a provision binding the Secretary, Arbitration Counsel, and/or *Canfield/Mendon* Counsel, as additionally agreed to by the Secretary, Arbitration Counsel, and/or *Canfield/Mendon* Counsel, without further notice to the Class Members or other Persons.

## Jurisdiction

28. The Court retains jurisdiction over this Action, the Settling Parties and the Settlement Class to consider all further applications or matters arising out of or in any way connected to the proposed Settlement, including but not limited to any and all applications for attorney's fees and expenses, the Permanent Injunction, and issues regarding the validity, performance, interpretation, administration, enforcement, enforceability or termination of the Settlement Agreement.

**SO ORDERED** this  3rd  day of  August                              , 2023.

SO ORDERED:

/s/ Andrew L. Carter, Jr.

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE